7 U.S. 300 (____)
3 Cranch 300
SIMMS AND WISE
v.
SLACUM.
Supreme Court of United States.

*303 C. Lee, for plaintiffs in error.
Swann, for defendant in error.
*306 MARSHALL, Ch. J. delivered the opinion of the majority of the court.
This case depends on the construction of an act of the legislature of Virginia, which allows the prison-rules to a debtor whose body is in execution, on his giving bond, with sufficient security, not to go out of the rules or bounds of the prison; that is, while a prisoner. The condition usually inserted is, not to depart therefrom till he shall be discharged by due course of law, or shall pay the debt. The act further provides, that the prisoner, on delivering a schedule of his property on oath, to a tribunal constituted for the purpose, and pursuing certain steps prescribed in the law, shall be discharged, and all his property shall be vested in the sheriff, for the benefit of the creditors at whose suit he is in execution.
In the case at bar, the forms of the law were observed, and a certificate of discharge obtained, after which the debtor departed from the rules. Conceiving this discharge to have been obtained by fraud, the creditor brought a suit upon the bond, and the court instructed the jury, that if a fraud had been practised by the debtor, although neither the justices who granted the certificate, nor the security, partook thereof, yet it avoided the discharge, and left the security liable in this action. To this opinion the defendants' counsel excepted, and upon that exception the cause is before this court.
The certificate of discharge may be granted either by the court sitting in its ordinary character for the transaction of judicial business, or by two magistrates who are constituted by law an extraordinary court for this particular purpose. Whether granted in the one mode or the other, it is of equal validity. In either case, the judgment of discharge is the judgment of a court, and, as such, is of complete obligation.
The judgments of a court of competent jurisdiction, although obtained by fraud, have never been considered as absolutely void; and therefore, all acts performed under them are valid, so far as respects third persons. A *307 sheriff who levies an execution under a judgment fraudulently obtained, is not a trespasser, nor can the person who purchases at a sale under such an execution, be compelled to relinquish the property he has purchased. All acts performed under such a judgment are valid acts; all the legal consequences which follow a judgment are, with respect to third persons, precisely the same in one obtained by fraud, as if it had been obtained fairly.
When the person who has committed the fraud attempts to avail himself of the act, so as to discharge himself from a previously existing obligation, or to acquire a benefit, the judgment thus obtained is declared void as to that purpose; but it may well be doubted, whether a penalty would be incurred, even by the person committing the fraud, for an act which the judgment would sanction. Thus, if a debtor taken on mesne process escapes, he may be retaken by the authority of the sheriff, and if not retaken, the sheriff may be liable for an escape; but if he fraudulently obtains a judgment in his favour, in consequence of which he goes at large, it has never been imagined that the sheriff could retake him on suspicion that the judgment was fraudulent, or be liable for an escape on the proof of such fraud.
Thus too, where, as in Virginia, an injunction has been adjudged to discharge the body from confinement, if a debtor in execution, by false allegations, obtains an injunction whereby his body is discharged from prison, or from the rules, it has never been conjectured that the injunction thus awarded was void, and the acts performed under it were to be considered as if the injunction had not existed. In that case, it would not be alleged that there was an escape, and that the security to the bond for keeping the rules was liable for the debt, because the discharge was fraudulently obtained; but the discharge would have all its legal effects, in like manner as if no imposition had been practiced on the judge by whom it was granted.
The judgment rendered in his favour may not shield the fraudulent debtor from an original claim, but it is believed that no case can be adduced, where an act, which is the legal consequence of a judgment, has in itself created a new responsibility, even with respect to the party *308 himself, much less with respect to third persons, who do not participate in the fraud.
It would seem, then, upon general principles, that a debtor who has departed from the prison-rules under the authority of a judgment of discharge, granted in due form by a competent tribunal, has not committed an escape even to charge himself, much less a third person. Such a discharge might not be permitted to protect him from the original debt, even if the case had not been particularly provided for by statute; but the act of departing from the rules, after being thus discharged, could not charge him with a new responsibility to which he was not before liable, much less will it impose on his security a liability for the debt. Departing from the rules, after being discharged in due course of law, is not a breach of the condition of his bond.
This opinion receives great additional strength from those arguments, drawn from the objects and provisions of the act, which have been forcibly urged from the bar.
The objects of the act unquestionably are, not to increase the security of the creditor, but to relieve the debtor from close imprisonment in the confined jails of the country, and to consult his health, by giving him the benefit of fresh air. But as this indulgence would furnish the means of escaping from the custody of the officer, and thereby deprive the creditor of his person, it was thought necessary to guard against the danger which the indulgence itself created, not to guard against dangers totally unconnected with this indulgence. Security, therefore, ought, in reason, to be required against a departure from the rules without a lawful authority so to do, because the means of such departure were furnished by being allowed the use of the rules; but security against a fraud in obtaining such authority need not be required, because the means of practising that fraud are not facilitated by granting the rules. They may be used by a debtor in close jail, as successfully as by a debtor admitted to the rules.
It is also a material circumstance in the construction of the act, that ample provision is made for the very case. *309 A new capias may be awarded to take the person of the debtor. This remedy is not allowed in the case of an escape; and it is strong evidence that the legislature did not contemplate a departure from the rules, under a certificate issued by proper authority, as an escape; that the remedy given the creditor is competent to a redress of the injury, replaces him in the situation in which he was before it was committed, and is not founded on the idea that there has been an escape.
The argument founded on the provisions respecting the property of the debtor, also bear strongly on the case. They confirm the opinion, that a departure from the rules, under a certificate of discharge granted by a proper tribunal, ought not to be considered as an escape. So, too, does that provision of the act which requires notice to the creditor and not to the security.
Without reviewing the various additional arguments which have been suggested at the bar, the court is of opinion, that upon general principles, strengthened by a particular consideration of the act itself, a departure from the rules under such an authority as is stated in the proceedings, is not an escape which can charge the security in the bond for keeping the prison-rules, although that authority was obtained by a fraudulent representation on the part of the debtor, neither the magistrates nor the security having participated in that fraud.
There is error, therefore, in the instruction given to the jury, as stated in the third bill of exceptions, for which the judgment is to be reversed, and the cause remanded for further trial.
Judgment reversed.
PATERSON, J. As to the third exception, which embraces the main point in the cause, my opinion differs from the opinion of the majority of the court, and accords with the direction given by the court below. The condition of the bond is, "that Simms do well and truly keep himself within the prison-rules, and thence not to depart until he shall be discharged by due course of law, or pay the sum of 1,285 dollars and 45 cents, to George Slacum, *310 assignee," &c. The act that will not exonerate the principal, will not exonerate the surety, from the obligation which they have entered into; for the surety stands on the same floor as the principal, and assumes the like character of responsibility, in regard to the terms specified in the condition of the bond. The benefit of the act of insolvency, if obtained by fraud or perjury on the part of Simms, will be unavailing, and his going beyond the limits of the prison, in consequence or under colour of a discharge, thus procured, will be an invalid and unwarrantable departure. Fraud infects the decision; and the legal principle is, that the fraudulent person shall not be suffered to protect himself by his own fraudulent act. If he should, then a judgment, which is laid in fraud, will, as in the present case, operate to the extinction of a legal, pre-existing obligation or contract. But a discharge, fraudulently obtained, is of no virtue  of no operation; and is, in truth and in law, no discharge; it has neither legal effect, nor even legal existence as to the party himself, and the surety, who stands in his shoes. If the judgment be of no avail as to the principal, it will be of no avail as to the surety; it cannot be ineffectual as to the one, and operative as to the other. The discharge must be legal to be valid, and to exonerate the surety from the special condition of the bond. The judgment itself is a fraud on the law; and I can discern no difference between the debtor's going beyond the prison-bounds voluntarily, or under colour of a judgment so obtained; except, that the latter is a case of deeper die, and less excusable in a legal and moral view than the former.
Although Simms is liable to be imprisoned by virtue of a new process, yet he may have gone out of the jurisdiction of the court; or if not, Slacum will be deprived of the benefit of the bond which Simms and Wise executed.
The sheriff stands on different ground; for he is exonerated from all liability, by an express provision in the statute. Besides, if the justices have jurisdiction of the subject, and should not exceed their jurisdiction, it is not incumbent on the sheriff to examine into the regularity, fairness, and validity of their proceedings and judgment; he looks at the instrument of discharge, which, emanating *311 from a competent authority, it is his duty to obey. But though the discharge may excuse the sheriff, as an officer of the court, it will not excuse the party, nor his surety. As to them, it is inoperative, and of no legal efficacy.