ALBANY,<br>August, 1812.

BEACH<br>v.<br>FURMAN.

### BEACH AND SAUNDERS *against* FURMAN.

IN ERROR, on *certiorari,* from a justice's court. *Sarah Furman,* the plaintiff below, brought an action of trespass against *Beach* and *Saunders,* before the justice, for taking and carrying away a *overseer of the highways,* pursuant to a *warrant* issued by the *commissioners of highways,* under the act, (sess. 24. c. 186.) stating that A. named in the warrant, had been warned to work on the highway, but had neglected or refused so to do ; the justice issued his warrant to one of the constables of the town, commanding him to levy of the goods and chattels of A. the penalty prescribed by the act for such refusal ; and the constable, by virtue of the warrant, took and sold the cow of A. It was held, that admitting A. not to be liable to be assessed to work on the highway, yet no action would lie against the *justice* or *constable,* who are mere *ministerial* officers, having no judicial or discretionary power, under the act ; and, therefore, not responsible for issuing or executing the process directed by the authority of persons having jurisdiction over the subject matter.

The remedy for the party aggrieved in such case, is either by an action against the *overseer,* or by removing the proceedings, by *certiorari,* into this court, where they may be quashed

Whether a *female,* though a *freeholder,* is liable to be assessed to work on the public highways, *quære.*

On a complaint made in writing to a justice of the peace, by an

ALBANY,
August, 1812.

BEACH
v.
FURMAN.

cow, belonging to the plaintiff. The defendants below pleaded not guilty; and *Beach* pleaded also a justification, under the act to regulate highways, (sess. 24. c. 186.) passed 8th *April*, 1806.

At the trial, it appeared that *Saunders*, one of the defendants, was a constable of the town of *Unadilla*, and a warrant was issued by the commissioners of the highways of the town, directed to *William Merithew*, the overseer of the highways, commanding him to cause the number of days affixed to the respective names of the persons annexed to the warrant, to be worked on the public highway in his district, according to law; and on which list of names annexed to the warrant, the plaintiff was assessed to work 3 days and a half. *Saunders* also produced a *complaint in writing*, directed to *A. I. Beach*, one of the defendants, who was one of the justices of the peace of the county of *Otsego*, by *S. Merithew*, overseer of the highways, stating that "he had warned *Sarah Furman* to work on the highways four days and a half, which she had neglected and refused to do." *Saunders* also gave in evidence a warrant issued by *A. I. Beach*, a justice of the peace, under his hand and seal, directed to any constable of the county, reciting the above-mentioned complaint, and commanding the constable to levy and make of the goods and chattels of *S. Furman*, four dollars and a half, being the penalty given by the act, and also 25 cents costs, &c. The return to the warrant stated that *Saunders*, the constable, had, by virtue thereof, levied on the cow of the said *S. Furman*, and had made thereof the sum mentioned, &c. There was no evidence against *Beach* the other defendant.

It appeared that *Sarah Furman* was a freeholder in the town of *Unadilla*. The justice gave judgment for the plaintiff below, for 15 dollars and the costs.

*Per Curiam.* Whether *Sarah Furman*, being a woman and a freeholder, was liable to be assessed to work on the highways, is a question which does not necessarily arise in this case. Admitting her not to have been liable to be assessed, yet as she was assessed, and a complaint in writing made to the justice by the overseer of highways, of her default, the justice was not to inquire into the legality of the assessment, but was bound, by the act, forthwith to issue his warrant of distress, and the constable was equally bound to execute it. The act is peremptory, and leaves no judicial or discretionary power, either with the justice or constable,

and so the statute was understood by this court, in the case of *Bouten* v. *Neilson*. (3 *Johns. Rep.* 474.) That case, however, as well as the case of *Lawton* v. *Commissioners of Highways*, (2 *Caines' Rep.* 179.) proves, that the party aggrieved by such a proceeding is not without redress, for these summary proceedings may be removed into this court, and reviewed by a *certiorari*, to be directed to the justice, or overseer, as the case may be. Both the justice and the constable acted ministerially in this case; and a mere ministerial officer is not responsible for the issuing or the execution of process, so long as the authority under which the process is awarded, had jurisdiction over the subject matter. Now, the overseer of the highways was the person to designate, in the first instance, and to deliver to the commissioners, the names of the persons liable to be assessed; and he was also the officer to adjudge what persons were in default, and to demand the warrant. In the exercise of this authority, the overseer may have returned the names of persons not liable to assessment, and he may have adjudged persons in default, who were not in default. The remedy for the party so aggrieved, cannot be against the justice and constable, concerned in issuing and executing the warrant of distress, for they had no alternative but to obey, as the law did not give to either of them the right to inquire into the legality of the assessment, or the truth and sufficiency of the allegation of the default. The remedy must be either by an action against the overseer, or by removing the assessment, or the proceeding under it, into this court, so that the same may be quashed. It would be against the obvious principles of justice and policy, to make the ministerial officers act, in a case like this, at their peril, when they have no right to judge, and are required to act. They are only responsible as trespassers when they act under the authority of a person who had no jurisdiction in the case, or when they execute that authority irregularly.

Judgment reversed.