Evans, J.
delivered the opinion of the Court.
In this case, the defendant, J. D. Hammond, had been arrested on a ca. sa. by the plaintiff. He gave a bond to keep the bounds and render a schedule, under the Prison Bounds Act. Pie filed his schedule, gave the requisite notice to his creditors, and was discharged, without objection, under the Insolvent Debtors Act, passed in 1759 — the plaintiff, by his attorney, being present, and making no objection.
The object of this action is to charge him and his security With the plaintiff’s debt, on the allegation that his schedule was false, in this, that it did not include two mares and colts, of which he was the owner at the time; and the question we are called on to decide is, whether the discharge, which could not have been made if the schedule was false, is not a bar as to every thing which was or might have been decided on the question whether the defendant was entitled to his discharge.
It is not denied by the plaintiff’s counsel, that if he had appeared according to the notice, and made the question as to the falsity of the schedule, and the matter had been decided, it would have been res judicata, and could not again be called in question.
As regards the prisoner, it has been frequently decided that in an action on the bond, the record of conviction of having rendered a false schedule was conclusive evidence of a breach of the condition; and in the recent case of McCarly v. Davis and others-, the defendants were denied the right to question the finding on the issue made on the objections to his discharge.
No one can read the Insolvent Debtors Act without the conviction that it was intended to be a judicial proceeding. The debtor must apply by petition; notice must be given to the creditors to appear. A schedule of the debtor’s property must be filed. The creditors may object to his discharge. If the creditors appear, the Court shall hear what may be alleged for or against the discharge; or if they shall *107 neglect or refuse to appear, the Court, after proof of the service of notice, in a summary way shall examine the matters of the petition, and may administer or tender to the prisoner an oath, which embraces as well the truth of his schedule as certain other matters, which would he grounds of objection to his discharge. Besides, this Act declares that the effect of the discharge shall be a full discharge from the debts of all suing creditors and the debts of such other of his creditors as shall accept a dividend of his estate; and all his other creditors are prohibited from suing for their debts until after the expiration of twelve months.
Every thing partakes of the nature of judicial proceedings. The commencement by petition; the notice to the creditors; their right to contest the discharge; the Court to examine the matter of the petition; the administration of the oath; and the legal effect of the discharge upon all debts, either in barring them altogether, or postponing their collection, all show that this is a judicial proceeding. If it is, then, the judgment of the Court on that which was decided, it is res judicata, and cannot again he called into judgment between the parties. Nor do I consider that the fact that the plaintiff did not appear, and that no issue was in fact made on the truth of the schedule, can vary the case. I suppose if the issue had been made, there would he no doubt the plaintiff would be bound by it, and it seems to me to be very clear, both on principle and authority, that whatever might have been pleaded or given in evidence as a bar, is equally concluded by the judgment. This was decided in the case of Caston v. Perry, 1 Bail. 533. In McDowell v. McDowell, 1 Bail. E. R. 330, Chancellor Harper says — “When the ques* tion is res judicata, the true rule is, if the party has once had an opportunity of litigating in the course of a judicial proceeding, he shall not draw it into question again, but that whatever he might have properly put in issue, shall be concluded to have heen put in issue and determined.” The same principle was carried out in the case of Stoney v. Bank of Charleston, Rich. E. R. 275. In the case of Sims v. Wise & Slacum, 3 Cra. 300, the Supreme Court of the U. States decided, that a discharge from the prison rules under the Insolvent laws of Virginia, although obtained by. fraud, is a discharge in due course of law, and on such discharge no action can be maintained on the Prison Bounds bond. And a similar decision was made on the law of Rhode Island for the relief of poor prisoners for debt, in the case of Ammedon v. Smith and al. 1 Wheat. 447. There is nothing in conflict with this opinion in the cases of McLure v. Vernon, and *108 Williams v. Jones, 2 Hill, 672. Both these cases were decided on the ground that the Commissioner of Special Bail had no jurisdiction, and of course the question was not res judi-cata, and therefore no estoppel; and in the latter case a pretty clear opinion is intimated by the Circuit Court, that if the discharge had been by a Court having general jurisdiction and authority to try all the questions, the result would have been otherwise. In the case of McLure v. Vernon, the Court say, “there is nothing in the decision of the Commissioner of Special Bail to preclude the plaintiff from showing that the schedule was false, in a suit on the bond. The Commissioner does not decide that the schedule is a perfect schedule of the prisoner’s whole estate; he simply decides that the plaintiff is unable to prove that the prisoner’s oath ought to be disbelieved.” Both these cases arose under the Prison Bounds Act. Nor do I apprehend that the case of Dyer v. Cleveland, to be found in the 9th Law Reporter, 33, is in conflict with these cases or this opinion. It was held in that case that a'certificate of bankruptcy was no bar to an .action on a jail bond for an escape. This, I presume, depended on the wording of the Bankrupt Act, and indeed so much depends on the particular wording of the statutes of other States, that we can derive but little benefit from adjudications on them; and the report is so concise and imperfect, that we are uninformed of the reasons on which the Court decided.
I suppose, after the decisions made in this State, the question cannot now be considered as open — that the legal effect of the discharge is, that all the Suing creditors are barred forever from the recovery of their debts. As to them the discharge is a perpetual, bar, whilst it remains unreversed.
The Act of 1759 contains no provision for the reversal or revival of the plaintiff’s debt, unless the 15th section can be so construed. The words of that section are — “And in case it shall, at any time after the discharge of such petitioner, appear that any such debtor did conceal any part of his estate and not make a full surrender and delivery thereof, such debtor shall not be entitled to the benefit of this Act, and every such debtor shall be deemed and adjudged guilty of peijury,” &c. It was argued at the bar that this clause only applied to cases of concealment and non-delivery to the as-signee of what is contained in the schedule. This may be so, and, if so the only consequence is that the Act discharges the debt without providing any way in which it may be again set up, even if the schedule should be false. But the 10th section of the Act of 1788 applies in all cases, 1 presume, where the schedule is rendered in on oath. That section *109 provides “ that any person who shall deliver in a false schedule of his effects, shall suffer the penalties of wilful perjury, shall be liable to be arrested again for the action or execution on which he was discharged, and forever disabled to take any benefit from this Act’or the Act for the more effectual relief of insolvent debtors,” &c. In the case of Aiken v. Moore, 1 Hill, 432, it" was held, on the construction of this clause, that until the peijury was ascertained in the course ■of some judicial proceeding, the plaintiff could not again arrest the debtor for the same debt. From this it would appear that until some judicial proceeding shall be instituted, and the fact ascertained that the schedule is false, the discharge is an effectual bar to the plaintiff’s debt; so that even admitting the argument, that the bond had been forfeited at the .time the false schedule was rendered, yet no action would lie on it, because the plaintiff’s debt, which is the only measure of damage, has been extinguished by the discharge. But the ground on which it seems to me this case is free from any difficulty is, that the law contemplated that all objection to the discharge should be made on the trial of that question; and if the plaintiff, having an opportunity to make it then, neglected or refused to do so, he shall not again be permitted to call it in question. It follows, from this, that the motion to reverse the decision of the Circuit Court must be granted, and it is so ordered.
Richardson, J. Wardlaw, J. Frost, J. and Withers, J. concurred.

Motion granted.