Chamblee *vs.* Holcomb.

No. 67.—JOHN CHAMBLEE, plaintiff in error, *vs.* THOMAS E. HOL-
COMB, defendant.

[1.] The Inferior Courts in this State have jurisdiction, under the Act of 1847,
to discharge defendants imprisoned on mesne or final process for debt,
when the jail fees are not paid weekly, on a writ of *habeas corpus*; and the
judgment of such Court, whether *erroneous* or not, ordering the Sheriff to
discharge a defendant imprisoned on final process for debt, will be a *protec-
tion* to such officer.

Rule against the Sheriff, in Forsyth Superior Court. Decided
by Judge WRIGHT, August Term, 1849.

William G. Field was arrested under a *ca. sa.* in favor of defend-
ant in error, by the plaintiff in error, who was Sheriff of Forsyth
County. Field gave bond for his appearance, to take the benefit
of the " Honest Debtor's Act," at the February Term, 1849.
At that term he was delivered up by his sureties, and the Sheriff
was ordered by the Court to commit him to jail " until he made

Chamblee *vs.* Holcomb.

a full and fair disclosure of all his property, or is otherwise discharged by law."

On the 3d of April, 1849, on application to the Inferior Court, a writ of *habeas corpus* was granted; and on the hearing, Field was ordered to be discharged, on the ground that the jail fees had not been paid weekly, as required by the Statute. The jail fees were paid before the order was passed.

At August Term, 1849, a rule was taken against the Sheriff, Chamblee, to show cause why he should not pay over the money due on the *ca. sa.* The Sheriff returned the foregoing facts; and on this showing, the Court made the rule absolute.

To this decision the Sheriff excepted.

W. AKIN, for plaintiff in error.

BROWN & HUTCHINS, represented by *T. R. R.* COBB, for defendant.

*By the Court.*—WARNER, J. delivering the opinion.

[1.] The only question made on the record in this case is, as to the liability of the Sheriff for the discharge of Field, who was in his custody on *final* process for debt. The Sheriff was ordered to discharge Field from his custody, by the judgment of the Inferior Court, on a writ of *habeas corpus*. Had the Inferior Court jurisdiction to discharge Field from the custody of the Sheriff? By the second section of the Act of 1847, it is declared, that "If any person or persons be imprisoned in the common jail of any County in this State, on mesne or *final* process for debt, if the plaintiff in suit or execution, his agent or attorney, does not pay up, at the end of each and every week, the jail fees which have accrued, then, and in that case, the Inferior Court may, and they are hereby authorized to discharge the defendant or defendants, by writ of *habeas corpus*. *Pamp. Laws* 1847, 196.

The Inferior Court, by this Statute, had jurisdiction to discharge the debtor on *habeas corpus*, and whether the judgment of the Court was *erroneous* or not, it afforded a sufficient *protection* to the Sheriff, who acted in obedience to it. The general rule, as stated by Mr. *Chitty*, is, that no action whatever can be supported for any act, however *erroneous*, if expressly sanctioned by the

judgment or direction of one of the Superior Courts at Westminster; or even by an Inferior Magistrate acting *within' the scope of his jurisdiction.* 1 *Chitty's Pl.* 183. *See, also, Warner vs. Shed,* 10 *Johns. R.* 145. *Beach vs. Furman,* 9 *Johns.* 229 *; and Savacool vs. Boughton,* 5 *Wend.* 170, *to the same point.*

Let the judgment of the Court below be reversed.