THOMPSON, J.,
delivered the opinion of the court.
This is an action of debt brought upon *556 his common law liability against a sheriff for voluntarily and negligently suffering a debtor, in his custody under a writ of ca. sa., to escape. The defendant first pleaded nil debet, upon which issue was joined. He then tendered a special plea in bar, alleging, in substance, that the debtor had taken the oath of an insolvent debtor before a justice of the peace, and had been released and permitted to go at large in obedience to the justice’s warrant of discharge, granted in pursuance of the act of assembly in such case made and provided, this plea was rejected, and the defendant excepted. He then tendered another special plea in bar, which was received, to which the plaintiff replied generally, and issue thereon was joined. The only difference between the two pleas being that the plea rejected contained no averment of reasonable notice to the creditor of the debtor’s intention "to apply for his discharge, whilst the plea which was received contained that averment, (no special.plea was necessary as by the express provision of the insolvent debt- or’s act, the defence set up by it could be availed of, and evidence to support it given under the general issue of nil debet). Upon the issues joined upon the plea of nil debet and the special plea, the parties went to trial, in the progress of which several bills of exceptions were taken to the opinions of the court, both for giving and refusing to give instructions prayed.
After the evidence on both sides was closed, the plaintiff demurred to the defendant’s evidence. The defendant objected to joining in the demurrer, but his Objection was over-ruled, and the demurrer joined. The jury found a conditional or special verdict, subject to the opinion of the court upon the demurrer to evidence, and the court sustaining the plaintiff’s demurrer, gave judgment for him upon the verdict of the jury, and the question arising upon that demurrer is, whether the defendant’s evidence sustained the defence relied on, to wit: the lawful discharge of the debtor under the act for the relief of insolvent debtors. It is unnecessary to notice the points saved by the bills of exceptions taken at the trial, because the demurrer to evidence raises every question involved in the merits of the cause, which it is material to consider and decide.
That the defence relied on is a valid one, if established, is conceded by the plaintiff in replying to and making up the issue joined on the special plea. If we look only to what appears on the face of the proceedings of the magistrate, which resulted in the debtor’s release from custody as recited in the warrant of discharge, a strict compliance with the provisions of the insolvent debtor’s act is shown. By the law as it stood in the Code of 1819, 1 vol. I 31, 33, p. 536-7, two justices were required to act; but under a subsequent law, pne justice is sufficient. Session Acts 1833-4, p. 77. The proceeding in this case was had before a single justice under this act. It is proved by the evidence on both sides, that the debtor was in custody under a ca. sa. That he applied to a justice to be discharged under the insolvent debtor’s act; that the justice so applied to, and who officiated, was such legally appointed, commissioned, and qualified; that he issued his warrant to bring the debtor before him, and after receiving the schedule, and administering the oath of insolvency, granted his warrant of discharge, in obedience to which the officer released the prisoner. The recitals of this warrant show a compliance in all things with the requirements of the law, so that if we are confined to what appears on the face of the proceedings, the question is not debatable; a complete justification *and defence is made out beyond all doubt. But the attempt is made in this case to avoid this complete defence or justification apparent upon and deducible from the face of the proceedings, under the act for the relief of insolvent debtors, by averment and proof aliunde of irregularity in the proceedings or non-compliance with the law, consisting of a failure or omission to give sufficient and reasonable legal notice to the creditor of the intention of the debtor to apply for the benefit of the act. To say nothing of the doubt whether upon the plaintiff’s demurrer to the defendant’s evidence, which is a waiver of all his own evidence in conflict with the evidence demurred to, he has not lost the benefit of that defence, if it were a good one, as it is by no means clear that the defence is made out by the defendant’s evidence; I am well satisfied, both upon reason and authority, that in no case where a sheriff or other ministerial officer has acted in obedience to the mandate of a court of competent authority, having a general jurisdiction over the subject, is it competent to inquire into and impeach the regularity of the proceedings under which the officer acted by evidence aliunde, those proceedings appearing to be regular and legal on their face; nay, more, if error or irregularity appeared on the face of the proceedings, I am as well satisfied, to borrow the language of Judge Carr in Yeager v. Carpenter, 8 Leigh, 455, “that the sheriff or other officer executing the process or carrying into effect the orders of a court, is protected from all consequences however irregular or erroneous the proceedings; provided only that the court had jurisdiction of the matter.” This opinion of Judge Carr commends itself to our adoption by its obvious reason, common sense, and justice, and is sanctioned by an unbroken series of authorities, ancient and modern, English and American, among which have been cited, by the appellant’s counsel, some for their direct bearing on this case, and others for the apt analogies they furnish, the case of The Marshalsea, 10 Coke, 76, 77; Webb v. Batchelder, *1 Ven. 273; Hill v. Bateman, Strange, 710; Haskins v. Forsyth, 11 Leigh, 294; Carper v. McDowell, 5 Grat. 212; Yeager v. Carpenter, 8 Leigh, 455, (before referred to;) Allen v. *557 Crofoot, 5 Wend. 507; 9 John. 229; State v. McDonald, 3 Dev. 468; Simms v. Slacum, 3 Cranch, 300; Amidon v. Smith, 1 Wheat. 447; Barbour’s Sup. Ct. Rep. 273; Bennet v. Burch, 1 Denio, 141; Bennet v. Graham, 1 Minot’s Ala. Rep., and Sewell on the Office of Sheriff in the Law Dibrary, p. 445; and there is nothing in the cases cited, and relied on by the counsel of the appel-lees, of Hutchison v. Rust, 2 Grat. ; Hamlett v. Commonwealth, 3 Grat. ; and Brown v. Compton, 8 Term Rep. at all in conflict with those authorities, or the opinion of Judge Carr in the case of Yeager v. Carpenter.
The power and legal authority of two justices to discharge a prisoner confined for debt or damages, or of one justice since the act of 1833-4, is as plenary and unqualified as is the power and authority of the County or the Superior Court; and for that purpose the two justices, or the single justice, constituted as much a court of insolvency, or insolvent debtor's court, invested with a general jurisdiction over the subject, as the County or Superior Court, and to hold that it was either the right or the duty of the sheriff to obey or not a warrant of discharge from either tribunal accordingly, as he might determine that the proceedings were regular or irregular, legal or erroneous, is a proposition so monstrous and absurd, that its annunciation carries with it its own condemnation. Then, in this case, whilst I am of opinion, that substantially legal and sufficient notice was in fact given, and that the debtor took the oath, and was discharged substantially according to law, had it been otherwise, and had the irregularity appeared on the face of the proceedings, the warrant of discharge, the sheriff had no right to re-judge the justice of his legal superior, the justice, and to refuse obedience to the warrant of discharge for any irregularity or error appearing in the proceedings or the warrant of ^discharge. Had he done so, he would have exposed himself to an action for false imprisonment. To make a sheriff or other ministerial officer responsible for the illegality, irregularity, or errors in the judgments, proceedings, or process under which he is required to act, rendered by, had before, or emanating from a court or tribunal of general jurisdiction and competent authority over the subject, without at the same time investing him with an appellate power, or power of re-visal, and a discretion and election to yield or refuse obedience to the process or mandate, according to his own conclusions of their legality or illegality, would be to expose a ministerial officer to jeopardy and peril too cruel and intolerable to be admitted as a principle in any rational system of jurisprudence. Rar better is the rule, as the law and the sages of the law have wisely established it, to require of the executive or ministerial officer implicit obedience to the mandates and orders of the courts, or other competent tribunals, and to make their mandates his justification and protection, and submit to the evils or inconvenience consequent upon occasional errors of his legal superiors, where they are even irreversible, or not subject to review and corrections, than to invest the ministerial officer with a discretion or election to yield or refuse obedience, which certainly ought not to be withheld, if the mandate of the court did not shield him from all responsibility for his obedience.
I am, therefore, for reversing the original judgment, and the defendant’s judgment upon the delivery bond, with costs of appeal, including only one attorney’s fee, or which is the same thing, excluding an attorney’s fee in the case of the delivery bond, and, in the original case, for entering judgment upon the demurrer to evidence for the defendant with costs, and, on the motion upon the delivery bond for over-ruling the motion with costs, and quashing the delivery bond and fi. fa. upon which it was taken; and in this opinion and judgment, I am authorized to say, the whole court concurs.

See. opinion of Judge Caer in Yeager v. Carpenter, 8 Leigh 455.
The principal case is cited in foot-note to Carper v. M’Dowell, 5 Gratt. 212.