### In re CASEY.

#### (District Court, N. D. New York. April 17, 1912.)

1. BANKRUPTCY (§ 410*)—DISCHARGE—APPLICATION—DELAY IN MAKING—EXCUSE.

A bankrupt may be said to have been unavoidably prevented from applying for a discharge within twelve months after the adjudication, so as to entitle him to apply within 18 months under Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), if he or his family were sick, and he did not have sufficient means to pay an attorney for preparing his application for discharge.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 694; Dec. Dig. § 410.*]

2. BANKRUPTCY (§ 410*)—DISCHARGE—APPLICATION—FILING—EXTENSION OF TIME—OBJECTION—WAIVER.

A creditor waived objection to an order extending the time for filing bankrupt's application for discharge by appearing and obtaining time to file specifications of objection to the discharge, and by filing objections.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 694; Dec. Dig. § 410.*]

3. BANKRUPTCY (§ 410*)—DISCHARGE—JURISDICTION.

Under Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), authorizing application for a discharge after one year, but within 18 months after the adjudication, where bankrupt was unavoidably prevented from applying within one year, a federal District Court, sitting in a bankruptcy case, had jurisdiction to entertain an

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

application for an extension of time in which bankrupt might apply for a final discharge, though the evidence was, insufficient to establish the fact that bankrupt was unavoidably prevented from applying for a discharge within the year.

[Ed. Note.—For other. cases, see Bankruptcy, Cent. Dig. § 694; Dec. Dig. § 410.*

Jurisdiction of federal courts in suits relating to bankruptcy, see note to Bailey v. Mosher, 11 C. C. A. 313.]

4. BANKRUPTCY (§ 415*)—DISCHARGE—APPLICATION—FILING—EXTENSION OF TIME—REVIEW.

An order extending the time for filing application for discharge cannot be reviewed on the hearing of an objection to the discharge itself.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. §§ 698–709, 719, 723–728; Dec. Dig. § 415.*]

5. COURTS (§ 2*)—"JURISDICTION."

"Jurisdiction" is the right to adjudicate concerning the subject-matter in a given case; essentials thereto being cognizance of the class of cases to which the particular one belongs, proper parties, service of process on defendant, and a point to be decided within the issues.

[Ed. Note.—For other cases, see Courts, Cent. Dig. § 1; Dec. Dig. § 2.*

For other definitions, see Words and Phrases, vol. 4, pp. 3876–3885; vol. 8, pp. 7697, 7698.]

6. JUDGMENT (§ 660*)—CONCLUSIVENESS.

A judgment based on a finding of the existence of quasi jurisdictional facts is conclusive except on appeal if there is any evidence of their existence, even though the court be imposed upon by false testimony.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1171; Dec. Dig. § 660.*]

7. JUDGMENT (§ 660*)—CONCLUSIVENESS.

When the court has jurisdiction of the parties and subject-matter, its errors, however great, do not affect its jurisdiction or the validity of its exercise till an appellate power has reversed it.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. § 1171; Dec. Dig. § 660.*]

8. BANKRUPTCY (§ 11*)—JUDGMENT—JURISDICTION.

General principles, applicable to questions of jurisdiction and of the conclusiveness of a judgment of a court having jurisdiction, apply to orders and adjudications in bankruptcy.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 11; Dec. Dig. § 11.*]

9. BANKRUPTCY (§ 410*)—DISCHARGE—APPLICATION—EXTENSION OF TIME—OBJECTIONS—LACHES.

Where bankruptcy was adjudicated September 13, 1910, and an order was made November 16, 1911, permitting bankrupt to apply for a discharge after a showing that he was unavoidably prevented from applying within the one-year period fixed by Bankr. Act July 1, 1898, c. 541, § 14, 30 Stat. 550 (U. S. Comp. St. 1901, p. 3427), a creditor's laches in failing until March 12, 1912, the day before expiration of the 18-months period in which application might be filed, to serve an order to show cause why the order extending the time for filing the application for discharge should not be vacated, precluded the creditor from obtaining relief.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 694; Dec. Dig. § 410.*]

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

**10. JUDGMENT (§ 386\*)—VACATION—LACHES.**

Laches is always a defense to a motion to vacate an order or judgment, especially when the other party has acted under the order or judgment and through such laches has lost a right or rights.

[Ed. Note.—For other cases, see Judgment, Cent. Dig. §§ 735–744; Dec. Dig. § 386.\*]

**11. EQUITY (§ 71\*)—LACHES.**

The existence of laches depends upon particular circumstances; laches being measurable sometimes by years and sometimes by days.

[Ed. Note.—For other cases, see Equity, Cent. Dig. §§ 204–211; Dec. Dig. § 71.\*]

In the matter of Daniel Casey, bankrupt. Application for a rule or order vacating and setting aside or revoking an order heretofore made herein extending the time in which the bankrupt might file his application for a final discharge in bankruptcy, and which order allowed the bankrupt to file his application for a final discharge after the expiration of a year from the date of his adjudication. Application denied.

Thomas H. Ward, for the motion.
William Kennedy, opposed.

RAY, District Judge. The bankrupt, Daniel Casey, is a carpenter and joiner, with a wife and three children. On the 13th day of September, 1910, he was duly adjudicated a bankrupt, and the matter was referred to C. L. Stone, Esq., one of the referees in bankruptcy. August 29, 1911, the referee in bankruptcy made an order fixing a time and place for the first meeting of creditors, and notice pursuant thereto was duly published and given. Pursuant to such notice, the first meeting of creditors was held on the 18th day of September, 1911. The bankrupt did not file a petition or an application for a discharge within the year succeeding such adjudication, but on a petition dated October 20, 1911, and presented to the judge on the 16th day of November, 1911, an order was made by the district judge permitting the bankrupt to file his application for his discharge from his debts mentioned in his petition on or before the 1st day of February, 1912. The bankrupt filed his petition for a discharge on the 22d day of November, 1911, about 14 months after he was adjudicated as aforesaid, and an order was duly made on that day and published and served requiring all creditors to show cause at a time and place fixed by the order why the bankrupt should not be discharged from his debts. This order was duly served upon "Thomas Ryan's Consumers' Brewing Company, Syracuse, N. Y.," the creditor making this application to vacate the order extending the time of the bankrupt to file his application for a discharge.

On the 2d day of January, 1912, the day fixed for the hearing on the petition of the bankrupt for a discharge, the said Thomas Ryan's Consumers' Brewing Company appeared pursuant to the order and notice aforesaid, and applied for and obtained time in which to file specifications of objection to the discharge of the bankrupt. The specifications of objection were verified January 27, 1912, and duly

filed, and thereupon, pursuant to the usual practice of the court, the question of the discharge of the bankrupt was referred to C. L. Stone, Esq., referee in bankruptcy for a hearing and report. The said Thomas Ryan's Consumers' Brewing Company did not appeal from the order extending the time to file said petition for discharge, nor did it move to open, vacate, or set the same aside until March 9, 1912.

The affidavit of James K. Kennedy, filed in opposition to this motion, states that the Thomas Ryan's Consumers' Brewing Company was served with a copy of the order extending the time to file the application for a discharge on the 25th day of November, 1911. December 27, 1911, the referee made the usual certificate of conformity, and filed same, which shows that the bankrupt had fully complied with the provisions of the bankrupt act.

The specifications of objection to the discharge of the bankrupt allege as grounds for refusing a discharge that the application therefor was not made within one year of the adjudication; that the court did not have jurisdiction of said bankrupt for the reason said petition and application were not made and filed within one year from the date of such adjudication; that the bankrupt did not set forth facts in his petition for the order extending his time to file his application for a discharge sufficient to warrant such order; that, by reason of the fact that said petition and affidavit did not set forth facts sufficient to justify the granting of the order extending the time in which to file said application, the court did not gain jurisdiction of the bankrupt or of this proceeding. Another specification of objection was that the bankrupt wrongfully, fraudulently, and knowingly made a false affidavit and oath in this proceeding on which the order extending the time in which to file his application for a final discharge was granted.

[1, 2] The petition of the bankrupt, verified October 20, 1911, and on which the judge granted the order extending the time of the bankrupt in which to file his application for a discharge, stated that he was adjudicated a bankrupt September 1, 1910, and that he had fully complied with all the requirements of the act and of the orders of the court touching his bankruptcy. The petition then stated that the reason why the application for the discharge from his debts had not been made within the 12 months' period—

"is that your petitioner is a common laborer, and had no other means of support except that derived from his daily toil, and through sickness and the necessity of providing for the support of his family did not have sufficient means to pay for the expense of said proceeding, and, further, your petitioner was not informed of the necessity of filing said petition within said 12 months by his said attorney, and that he failed and neglected to notify him of said fact."

It is true that this petition does not set forth with particularity the sickness of the bankrupt and the amount of his earnings and the amount required for the support of his family. It may be said that the allegations of the petition are a conclusion, and that the judge might have required the bankrupt to show that he was constantly sick during the 12 months' period, and that all his money was re-

quired to support his wife and children, and that he was unable to see his attorney, or that his attorney refused to act without pay, and did not inform him of the necessity of filing the petition within 12 months. If the bankrupt was sick or if his family was sick, and he was under the necessity of providing for their support, and did not have means to pay an attorney for making the papers on his application for a discharge, I think it may fairly be said that he was inevitably prevented from filing his application within the 12 months. Poverty is 'no excuse for the commission of a crime, but poverty and sickness may be an absolute bar to the institution of a legal proceeding. Whether or not it was in this case is not the question. The bankrupt presented it to the judge having jurisdiction in the premises as his excuse, and the judge accepted it as sufficient, and acted thereon, and made an order extending the time which was served on the creditor. That order might have been appealed from, but it was not. An application might have been made to vacate it or to set it aside promptly after it was entered, and the order to show cause why the bankrupt should not be discharged was made and served. No such application was promptly made. The Thomas Ryan's Consumers' Brewing Company appeared in court pursuant to the order issued upon the petition filed by the bankrupt asking for a discharge, and took benefits thereunder, asking for time in which to file specifications of objection to the application for a discharge. The court granted the application for time, and specifications of objection were filed by said company. I think the Thomas Ryan's Consumers' Brewing Company, with knowledge of the order extending the time to file the application for a discharge, waived objection to such order by appearing and obtaining time to file specifications of objection to the discharge, and then filing such objections as it did file.

[3, 4] These objections were not in the nature of a motion to set aside or vacate the order for insufficient evidence, but presented the question to the court and judge that it was acting without jurisdiction. This, of course, is not tenable. Section 14 of the bankruptcy act provides that the bankrupt may after the expiration of 1 month and within the next 12 months subsequent to being adjudged a bankrupt file an application for a discharge in the court of bankruptcy in which the proceedings are pending. If it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within, but not after, the expiration of the next 6 months. The judge to whom the petition for the extension of time was presented was the district judge of the Northern District of New York, and had jurisdiction of the bankrupt and of the bankruptcy proceedings, and of the question whether or not the bankrupt had been unavoidably prevented from filing his application for a discharge within the year. Evidence on that subject was presented to and acted on by the judge, and the judge determined the question in favor of the petitioner, the bankrupt, on the evidence presented. It may be that the evidence was insufficient to establish the fact. It may be that the judge ought to have required further evidence on the subject. However this may be, evidence was pre-

sented on which the judge having jurisdiction of the person of the bankrupt and of all parties to the proceeding, and of the subject-matter to be acted upon and determined, acted, and, however erroneous the decision may have been, the jurisdiction existed, and was in no wise impaired by the weakness or insufficiency of the evidence. The remedy was to apply promptly for a vacation of the order or to take an appeal. Neither of these remedies was pursued, but the creditor now raising the objection proceeded under the order, and took benefits by filing specifications of objection to a discharge of the bankrupt. True, this creditor denies the jurisdiction of the court, but that objection cannot be sustained, and the order extending the time to file the application for a discharge cannot be reviewed on the hearing of the specifications of objection to the discharge itself.

This motion to set aside and vacate the order made by the judge extending the time of the bankrupt in which to file his application for a discharge is, in fact, founded on the allegation that the judge had no jurisdiction to make such order on the evidence presented. The affidavit of Mr. Ward on information and belief challenges some of the allegations of the petition of the bankrupt, and presents the following objections to the sufficiency of the facts stated in such petition, viz.: (1) That the said petition set forth that Casey was a common laborer, when, in fact, he was a carpenter and joiner; (2) that the sickness alleged was not sufficient to justify the order, in that "he (the petitioner) does not set up that such sickness was for such a period of time, or during all of the time, from the day of such adjudication until the period of one year had elapsed"; (3) "there is absolutely no good and sufficient reason set forth in said petition made by said Daniel Casey on which an order could be granted allowing said Daniel Casey to file his application for a discharge from his debts after more than one year had expired since the day of his adjudication as a bankrupt"; and (4) "that said petition did not set forth or state sufficient facts to give to the United States court or to Hon. George W. Ray, judge of the District Court, jurisdiction of said proceeding after more than one year had expired, so that said order could be made, and that said bankrupt and his attorney were guilty of laches in not making such application within one year from the day of such adjudication." If it was true as alleged in the petition for the order that sickness prevented the bankrupt from having sufficient means to pay the expenses, which would include attorney's fees in preparing his petition, and he was not in fact informed of the necessity of applying within the year, there was some evidence before the judge on which he could act tending to establish that the bankrupt was unavoidably prevented from filing his application within the year. Therefore the judge was called upon to act in his judicial capacity in a matter before him, and of which he as sole district judge of the Northern District of New York had jurisdiction. The bankruptcy proceedings were before him, and he and he alone had jurisdiction of the proceedings for a discharge, and he and he alone could determine in the first instance whether the bankrupt had been unavoidably prevented from filing his application within

the year. He was called upon to act, and it was his duty to act on the evidence presented, to wit, the allegations of the sworn or duly verified petition. As stated, the judge had jurisdiction of the petitioner, of the subject-matter to be considered and passed upon or decided, and to decide the matter, and make an order granting or denying the application. The judge did decide; did make an order; and from that order any creditor could have appealed by direct appeal or by a petition to the Circuit Court of Appeals for a review. The order was not made without jurisdiction. It may have been erroneous as based on insufficient evidence. But, if so, this does not justify an order at this time and under present conditions vacating or setting same aside on the ground of want of jurisdiction to make it.

[5] "Jurisdiction may be defined to be the right to adjudicate concerning the subject-matter in the given case. To constitute this, there are three essentials: First, the court must have cognizance of the class of cases to which the one to be adjudged belongs; second, the proper parties must be present; and, third, the point decided must be, in substance and effect, within the issue." Reynolds v. Stockton, 140 U. S. 254, 268, 11 Sup. Ct. 773, 777, 35 L. Ed. 464; 7 Encyclopedia U. S. Reports, 739, and cases there cited. There is in every proceeding of a judicial nature one or more facts which are strictly jurisdictional, and the existence of which are necessary to the validity of the proceedings, and without which the action of the court or judge is a nullity, as the pendency of the action and service of process on the defendant, a subject-matter within the power of the particular court or judge to hear and determine as shown by pleadings or a petition. Noble v. Union River Logging R. R., 147 U. S. 165, 173, 13 Sup. Ct. 271, 37 L. Ed. 123.

[6] Then there is another class of facts which are termed "quasi jurisdictional," and here if there is any evidence of their existence, and the court finds their existence, the judgment or finding is conclusive except on appeal. S. c. pages 173, 174, of 147 U. S., 13 Sup. Ct. 271, 37 L. Ed. 123. And, even if the court be imposed upon by false testimony, its finding can only be impeached in a proceeding instituted directly for that purpose. Simms v. Slocum, 3 Cranch, 300, 2 L. Ed. 446, quoted and approved in Noble v. Union, etc., supra, at page 174 of 147 U. S., 13 Sup. Ct. 271, 37 L. Ed. 123.

[7] When the court has jurisdiction of the parties and subject-matter, its errors, however great or contrary to law, have no effect on its jurisdiction or the validity of its exercise till an appellate power has reversed it. Decatur v. Paulding, 14 Pet. 497, 518, 599, 10 L. Ed. 559, 609; Comstock v. Crawford, 3 Wall. 396, 18 L. Ed. 34.

[8] These rules apply to orders and adjudications in bankruptcy proceedings. Sloan v. Lewis, 22 Wall. 150, 22 L. Ed. 832; Lamp Chimney Co. v. Brass, etc., Co., 91 U. S. 656, 23 L. Ed. 336; Chapman v. Brewer, 114 U. S. 158, 5 Sup. Ct. 799, 29 L. Ed. 83.

[9] The order to show cause why the order extending the time in which the bankrupt might file his application for a discharge should not be vacated and set aside was not applied for until March 9, 1912, and was granted that day. It was not served on the bankrupt or his

attorney until March 12, 1912, the day before the expiration of the full period of 18 months from the date of adjudication. The moving affidavit of Mr. Ward states that the adjudication was made September 1, 1910. If so, the full 18 months' period had more than elapsed before the motion was actually made to set aside and vacate the order extending the time to apply for a discharge. In either event, it was too late for Casey, the bankrupt, to make a new application or to amend his proofs or affidavits presented on his original application. If the objecting creditor represented by Mr. Ward had promptly made a motion to vacate or set aside the order of the district judge extending the time, and it had been granted, the bankrupt could have filed additional proof and made a new application within 18 months, or could have filed additional proofs in support of his original application. The delay of the objecting creditor has deprived the bankrupt of this right. It is no answer to this laches that the jurisdiction of the district judge to make the order was questioned in the specifications of objection which under the rules of this court went to the referee in bankruptcy for a hearing which so far as this court is informed has not been had. On the hearing on the specifications of objection, the validity of the order allowing the filing of the petition for a discharge after the expiration of 12 months and within 18 months could not be tried. All this seems to have been appreciated and recognized by the objecting creditor when he finally made his motion, by obtaining a show cause order, to vacate that order as founded on insufficient proof and consequent, as he alleges, want of jurisdiction.

[10] Laches in moving to vacate an order or judgment is always a defense, especially when the other party has acted on and pursuant to the order or judgment and by reason of such laches has lost his rights, or some right, so that he cannot be placed in the position he would have occupied but for such laches. On this question of delay in the court of bankruptcy, see Bacon v. Roberts, 17 Am. Bankr. Rep. 421, 146 Fed. 729, 77 C. C. A. 155; In re Chambers Calder & Co., 6 Am. Bankr. Rep. 709; In re Nichols (D. C.) 166 Fed. 603, 607. Undue laches is treated as a waiver of the right, and operates as an irrevocable renunciation of it. Beebe v. United States, 161 U. S. 104, 114, 16 Sup. Ct. 532, 40 L. Ed. 633. In equity the court will sometimes deny relief on the ground of laches even when the time fixed by the statute of limitations has not expired if "such circumstances have intervened in the condition of the adverse party as render it unjust to him or to his estate that a court of equity should assist the plaintiff." Whitney v. Fox, 166 U. S. 637, 647, 17 Sup. Ct. 713, 41 L. Ed. 1145, and numerous cases there cited. There are numerous cases in the New York courts bearing on this question of laches in making motions. See Patterson v. Graves, 11 How. Prac. (N. Y.) 91, motion to set aside report of referee; Darragh v. McKim, 2 Hun (N. Y.) 337, motion to change place of trial; Elverson v. Vanderpoel, 41 N. Y. Super. Ct. 257, affirmed 69 N. Y. 610, motion to suppress deposition for want of notice.

[11] Laches is measured sometimes by years and sometimes by days, depending on the nature of the case and the circumstances.

Here it was a question of months with the bankrupt. If his order extending his time to file his application for a discharge was to be attacked by a motion to vacate, the motion should have been made promptly and long enough before the expiration of the 18 months' period to enable him to renew his application or file more proofs in support thereof, assuming the petition to have been insufficient. As stated, the objecting creditor was informed of the order many weeks before the motion was made, and, instead of attacking it by appeal, review, or motion, he acted under it and obtained an extension of time to file objections to the discharge, and hence acquiesced therein except as stated.

The motion must be denied.