### In re MAIER.

(District Court, D. Maine.  March 4, 1919.)

#### No. 12726.

BANKRUPTCY ⬅410—EXTENSION OF TIME FOR PETITION FOR DISCHARGE—MOTION TO VACATE ORDER.

  A motion to vacate an order extending the time for a bankrupt to file petition for discharge denied, as not having been seasonably made.

In Bankruptcy.  In the matter of Augustus W. Maier, bankrupt. On motion to vacate order extending time within which to file petition for discharge.  Denied.

Howard Davies, of Portland, Me., for bankrupt.

Frank H. Haskell, of Portland, Me., for petitioning creditor.

HALE, District Judge.  In this case the adjudication was July 21, 1917.  On January 16, 1919, the bankrupt filed a petition for an extension of time in which to file petition for discharge.  Petition for extension of time was allowed; on the same date his petition for discharge was filed.  This was done under section 14 of the Bankruptcy Act of 1898 (Act July 1, 1898, c. 541, 30 Stat. 550 [Comp. St. § 9598]), which provides that:

  "Any person may, after the expiration of one month and within the next twelve months subsequent to being adjudged a bankrupt, file an application for a discharge in the court of bankruptcy in which the proceedings are pending; if it shall be made to appear to the judge that the bankrupt was unavoidably prevented from filing it within such time, it may be filed within but not after the expiration of the next six months."

In the exercise of its judicial discretion the court, finding that the bankrupt was unavoidably prevented from filing petition for discharge within the 12 months, extended the time to 18 months.

After the expiration of the 18 months, namely, on February 5, 1919, a motion is filed by Willard B. Sweetsir, a creditor, to vacate the order of January 16, extending the time of filing the petition for discharge. This motion to vacate is based upon the allegation that the motion to extend the time was an imposition on the court from the fact that the bankrupt was not "unavoidably prevented," within the meaning of the statute, because the bankrupt was not ill during the greater portion of the 12 months.

This motion to vacate is addressed to the judicial discretion of the court.  It is ex parte, and without notice to creditors.  The granting

⬅For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

of this motion would preclude the bankrupt from obtaining his discharge. In spite of this fact, however, the court should, in its discretion, grant the motion, if it finds that the motion is made seasonably and in good faith. This motion was not made until the expiration of the 18 months. In the Casey Case, 195 Fed. 322, 329, the District Court of the Northern District of New York denied the motion to vacate on the ground of laches in presenting the motion. The court says:

"Laches is measured sometimes by years and sometimes by days, depending on the nature of the case and the circumstances. Here it was a question of months with the bankrupt. If his order extending his time to file his application for a discharge was to be attacked by a motion to vacate, the motion should have been made promptly and long enough before the expiration of the 18 months period to enable him to renew his application or file more proofs in support thereof, assuming the petition to have been insufficient."

In the case before me, the petition for an extension of time was filed on January 16, 1919, 5 days before the expiration of the 18 months. The motion to vacate was not filed for 20 days thereafter. The petition for discharge was published on January 20, 1919, notice was sent the creditors on January 27, 1919, and the bankrupt paid for the expense of publishing the notice.

Under all the circumstances of the case, I am constrained to find that the motion to vacate the order of extending the time in which to file petition for discharge was not seasonably made. The motion is denied.