## In re DONLEY.

### No. 5119.

District Court, M. D. Pennsylvania.

Dec. 17, 1936.

Earl V. Compton, of Harrisburg, Pa., for petitioner.

Stroh & McCarrell, of Harrisburg, Pa., for Samuel Schrauder.

JOHNSON, District Judge.

This is a petition of William H. Nell, a creditor of the bankrupt, to strike from the record the referee's order of April 28, 1934. The petition avers that the referee had no jurisdiction to make this order because prior thereto he had made an inconsistent order to which no petition for review had ever been filed.

Upon reviewing the record, it appears that by means of petition for review filed May 4, 1934, the present petitioner sought to have this court reverse this order of April 28, 1934. One of the reasons then set forth in the exceptions and petition for review is identical with the reason now advanced. On April 29, 1935, this court dismissed the petition for review, and after passing on the merits of petitioner's claim, in the following manner disposed of the question now sought to be raised again: "It is contended that the Referee is without authority to make the second order since no petition for review of the first order was filed and since the first order was never revoked. The unusual facts warranted the Referee in allowing a rehearing. Due to the fact that the stenographer was unable to transcribe the testimony, the Referee's findings four and one-half years later were based merely on recollection of the testimony and the Referee, no doubt, allowed a rehearing because of the uncertainty of his findings as well as the fact that the court could not on a petition for review, review his findings without the testimony on which they were based. The present petitioner acquiesced and participated in the hearing and bases many of his present exceptions on the testimony taken at the second hearing. The referee by allowing a rehearing on his first order and by filing a second inconsistent order, thereby vacated the first order."

No review on appeal was taken from this opinion and order dismissing the petition for review. For the first time, after more than fourteen months, the petitioner seeks to have this court reverse its opinion and order of April 29, 1935, although the petition fails to contain sufficient facts to advise the court of this situation. An examination of the record discloses that the present petition, if granted, will attain that result.

In view of the fact that at the instance of the petitioner this court on April 29, 1935, decided the identical question now raised by him, that no efforts were ever made within the time allowed by law to have that decision reviewed, and that even if petitioner had some legal rights, they are barred by laches in his failure to assert them for over fourteen months, see In re Casey (D.C.) 195 F. 322; In re Burr Mfg. & Supply Co. (C.C.A.) 217 F. 16; In re Rome (D.C.) 162 F. 971, the petition now before the court must be dismissed.