Mr. Justice STRONG
 

 delivered the opinion of the court!-'
 

 The demurrer presents the¡ question whether the complainants? Bill se.ts forth .any equity; sufficient to’justify the court in granting the relief sought against the defendants..
 

 No doubt when an executor or, administrator colludes with a fraudulent claimant against a decedent’s estate, and refuses to take steps to resist fife claim, any person interested in the estate may maintain an action against such fraudulent.dai'mant' and the executor or administrator for the purpose of contesting the claim. Bills in equity of this nature have been maintained. And if an assignee in bankruptcy, with'knowledge, of with reason to believe that one-claiming tp'be a creditor of the bankrupt had proved a debt against the bankrupt’s estate which had no existence, or which whs tainted with fraud, should neglect df refuse to contest the allowance of such debt, there is no reason why; the other creditors,. having proved their debts, should not be permitted fp interpose and seek the aid of a court of equity to annul the allowance. But the bill before us presents no such case. ..The assignee has.resisted the allowance of the debt- claimed by'Cooper, Tail & Co; He took' part ■with.the appellants.in contesting the,debt before the refereé
 
 *175
 
 to whose consideration it was submitted.. He joined with them in filing exceptions to the report-allowing the claim. There is no averment o.f .any collusion between him and the claimants. The bill exhibits nothing which ought to cast discredit, upon his fidelity to his trust.- The referee decided against the appellants' after hearing all the evidence they had to submit. The District Court .reviewed his decision upon exceptions taken to it, and came to the same conclusion, allowing the debt claimed by Cooper, Vail & Co. Nor is it pretended that any new evidence exists which ought-to lead the Circuit Court to any other conclusion than that at which the District Court arrived. In such a state of facts it cannot, be maintained that it was the duty of the assignee to enter an appeal to the Circuit Court, or even to allow an appeal in his name. ' After two trials, in .which he was aided by the appellants, after all the evidence bad been made use of in opposition.to the claim which could then be produced, or which can now be obtained, and after two decisions allowing the claim, he may well have concluded, as he did, that his. dnty to his trust did'not require either expenditure of the bankrupt’s -estate in further litigation or the delay which might have been consequent upon an appeal. The bill, then, wholly fails in exhibiting any equity against the assignee.
 

 It is equally without equity as against Cooper, Vail & Co. It is true the averment is made that they have no legal or valid claim against the bankrupt, and that their claim was .fraudulently proved and made, but there is no allegation wherein the fraud consists, or of,any step they have taken in the assertion of their claim which' they might not lawfully take. Such a general averment of fraud can be no foundation for an equity. Moreqver, it is apparent that -the only fraud intended in the averments of the bill is the assertion of a claim which the complainants insist is not sufficiently sustained by evidence. -They objected to the claim.at the outset. They appealed to the District Court, and they were allowed to contest its validity. , It was at their instance a referee was appointed to .examvh^ ánd report upon it. Before that referee they went to' trial, without objection. When
 
 *176
 
 defeated they brought the Contest into court and renewed it there, but unsuccessfully, And they do not now allege that .in either of these trials there was anything unfair, or 'that Cooper, Vail & Co. were guilty of .any fraud in maintaining ■ their claim, other than the assertion of its existence, or that they themselves made any mistake, or that they have auy other case now than they had and urged before the referee and'the District Court. Their .only ground of complaint-' is- that- the referee and District Court came to a different conclusion from that which they think should have been adopted. The court thought the evidence established the existence of a debt due Cooper, Vail & Co. They are of a different opinion.-.. They think the'evidence did not establish the existence of such a debt, and, therefore, they have filed this bill in the Circuit Court to annul the action of the District Court. I« effect they are seeking a new trial of a question of fact which has been decided against them, and this' without averring anything more than that the District Court' drew a wrong conclusion from the evidence. Very plainly they have made no case for equitable interference. There are some bilIs' in equity-which are usually called bills for a new trial. They ape sustained when they aver some fact which proves it to be against conscience to execute the judgment obtained, some fact of which -the complainant could riot have availed himself in the court when the judgment was given agaiust him, if a. court of law; or-of which he. might have availed himself, but was prevented by fraud or accident unmixed with any fault or negligence of his own. But a court of equity will.never interfere with a judgment obtained in another court, because it is alleged to have been erroneously given, without more. And such is substantially this case.
 

 But though th.e bill is destitute of equity, when considered as an original bill, it-is contended that it may be regarded as an. application for the exercise of the supervisory jurisdiction of the Circuit Court authorized by the second section.. ■ of the Bankrupt Act. That section declares that "the several Circuit Courts of the United States, within and for the
 
 *177
 
 ■districts where the proceedings in bankruptcy shall be pending, shall have a general superintendence'and. jurisdiction of all cases and questions arising under this act, and,'except when special provision is otherwise made, may, upon bill, petition, or other process pf any party aggrieved, hear; and determine the case (as) in a court of equity.” The complainants, having proved their debt against the bankrupt, contend that'they may be considered parties'aggrieved by any order of the District Court allowing the probate of other debts against the'same bankrupt, when the assignee refuses to appeal from the order, or allow an. appeal to .the, Circuit Court. It is true their bill was not filed in the Circuit Court until about four months ánd á half after-the order corm plained of was made. But the. act of Congress'prescribes no time within which "the application for a review must he presented. An appeal is required to be taken within ten days. Not so with a petition or bill for a review." Undoubtedly the application should be'made within a reasonable time, iti order that the proceedings to settle the bankrupt’s estate inay.n.ot be delayed, but neither the act of Congress nor any rule of this court determines what that time is. At present, 'therefore,' it must be left to depend upon the circumstauces - of each case.. -Perhaps, generally, it should be. fixed in an-,, alogy to the period designated within which appeals mqst be taken.
 
 *
 
 It is, however, to be observed that the, bill does not charge any fraudulent collusion between,the assignee and Cooper, Vail & Co. At most it charges neglect df duty by the assignee in ofnitting to contest the debt claimed, and in failing to appeal from a decree of the District Court allowingthe debt. Whether this presents a proper case for'' a review under the second section of the Bankrupt Act need not now be decided. For should it be conceded that the ■ complainants'had a right to apply to the Circuit Court- for a-review of the order of the,District Court, and conceded also that this bill may'be regarded as such an application, the question would still remain whether the court efred in dis
 
 *178
 
 missing it. , Had the' court, in the exercise of its superintending jurisdiction', heard the case and decided it, as the District Court did,'the decisión'would have been final, and no appeal could' have been taken to this court-.
 
 *
 
 True, if the court'had decided that it . had no-jurisdiction to review, this court might have entertained an appeal, not for the purpose óf reviewing, but for the purpose of correcting an erroneous decisión respecting the power of the Circuit Court, and enabling'the complainants to be heard on -their application.
 
 †
 
 But-it does not'appear that this bill was dismissed because the court thought it had no power tp review the action of the District Court at, the suit of these complainants. On the contrary, it rather appears the bill was dismissed because it presented no case that called for the exercise of the superintending jurisdiction of the court. The statute, though conferring the power, does not make.it obligatory upon the Circuit Court to retry every decision of the District Court 'Which a creditor-supposing himself aggrieved may ask the court to retry. And' it may wéll be that when, as in this ' ease; a question -of fact has been twice tried, and twice decided in the same way, when it is not averred that there has been any collusion between the assignee and the-creditor who has proved a debt', or that the complaining party has any evidence which he has not already submitted, or that he has been hindered by any accident or fraud from presenting -his case as fully in'the District’Court as he can in another tribunal, when the substance of all he alleges is that, in his opinion, the court should have determined the facts differently, it may well be that the Circuit Court, in the exercise of its discretionary power, looking also at the delay of the application, may properly conclude that no sufficient, case' is-presented calling for a retrial of the facts.
 

 We do not perceive, therefore, in the action of the Circuit Cpurt anything that requires correction, and the
 

 Decree is aeeirneb.
 

 *
 

 Littlefield
 
 v.
 
 The Delaware and Hudson Canal Co., Bankrupt Register, vol. iv, p. 77..
 

 *
 

 Morgan
 
 v.
 
 Thornhill, 11 Wallace, 65; Tracey
 
 v.
 
 Altmyer,
 
 46 New
 
 York, 698.
 

 †
 

 People
 
 v.
 
 New York Central Railroad Co., 29 New York, 418.