## In re KOENIG & VAN HOOGENHUYZE.

(District Court, W. D. Texas, San Antonio Division. February 19, 1904.)

### No. 80.

**1. BANKRUPTCY—CLAIMS—DISALLOWANCE—PETITION FOR REVIEW—APPLICATION—LACHES.**

A claim of a creditor of bankrupts was allowed July 13, 1900, but thereafter, on February 14, 1901, it was disallowed on reconsideration. On March 29, 1901, the creditor filed a petition for review, and on May 12, 1903, a petition for rehearing, which was overruled by the referee. No further action was taken by the creditor for the prosecution of the petition for review until January 4, 1904, when its attorneys, by leave of court, filed an amended petition for review, when the cause was set down to be heard on the 18th of January following. *Held*, that the creditor had been guilty of such unreasonable delay and laches in the prosecution of this petition for review that it would be dismissed.

### In Bankruptcy.

This case comes up to the court upon a petition for review filed by the First National Bank of Cuero, Tex. On January 5, 1900, the bank presented to the referee in bankruptcy its claim of $6,241.05 against the estate of the bankrupts, and the same was duly allowed. But upon reconsideration, at the instance of creditors and the bankrupts, and upon his own motion, the referee set aside the allowance, and passed an order declining to allow the bank's claim unless it surrendered to the trustee in bankruptcy the sum of $1,979.36, held by the referee as a preference. The bank declined to surrender the amount, and an order was entered by the referee disallowing the entire claim. Touching the presentation of the claim by the bank, and his action thereon, the referee finds as follows: "On January 5, 1900, the First National Bank of Cuero, Texas,

---

¶ 1. Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.

filed a claim against the estate of Koenig & Van Hoogenhuyze, bankrupts, which claim, it appears, was duly allowed by the referee. Subsequently, on July 13, 1900, the bankrupts filed a motion to have the bank's said claim re-examined and disallowed. On September 10, 1900, certain creditors of said bankrupts appeared, and, upon the referee's own motion, the bank's claim was reconsidered, and on February 14, 1901, was disallowed by the referee, because he considered that said bank had received preferences that it had not surrendered. On March 29, 1901, the bank filed a petition for review, and on May 12, 1903, a petition for rehearing, which latter petition was overruled by the referee." No further action appears to have been taken by the bank, looking to the prosecution of its petition for review, until January 4, 1904, when its attorneys filed, by leave of the court, an amended petition for review. The cause was set down to be heard on the 18th day of January following.

J. B. Lewright, for the bank.
Keller & Keller, for the creditors.

MAXEY, District Judge (after stating the facts). The creditors object to the proceeding on the part of the bank because it was not prosecuted with due diligence. While it is probable that, if the merits of the present controversy were considered, the case would be governed by Bank v. Massey, 11 Am. Bankr. Rep. 42, 24 Sup. Ct. 199, 48 L. Ed. —, rather than by Pirie v. Chicago Title & Trust Company, 182 U. S. 438, 21 Sup. Ct. 906, 45 L. Ed. 1171, the court feels constrained to decline to enter upon an examination of the merits, because of the length of time which has elapsed—about two years and nine months—since the petition for review was filed, without any real effort on the part of the bank to prosecute the proceeding to a hearing and determination. No specific period is limited by the bankrupt law, nor by the rules of court, for prosecuting petitions for review. But by General Order No. 27, adopted by the Supreme Court, it is provided:

"When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

This general order imperatively requires the referee to certify the question to the judge, not the next month, nor the year following, but forthwith, in order that there may be an early determination of the questions at issue. It is no answer to the requirements of the order to assert that the duty of certifying the question rests with the referee, and that his failure to perform a plain duty should not be visited upon an innocent party. That duty, it is true, devolves upon the referee, and he should discharge it with promptness. But his failure to obey the directions of the order will not excuse laches on the part of one who seeks to review the judicial action of the referee, and who, by applying to the judge, could easily obtain an order to speed the cause. The purpose of Order No. 27 was to provide a simple and effective method of procedure for securing early hearings and speedy determination of litigated questions, and this salutary purpose would be entirely thwarted if courts encouraged such long and inexcusable delays as are illustrated by the present record. Unreasonable delay in prosecuting bankruptcy proceedings should be discountenanced, as it is clearly the intent and object both of the rules and the law to require reasonable

diligence in the pursuit of remedies provided by the act, with the view of securing a prompt administration and settlement of estates. The bank has failed to prosecute its petition for review with that degree of diligence which the law required and the circumstances of the case demanded, and the objections of the creditors should therefore be sustained, and the petition for review should be dismissed. See In re Jemison Mercantile Co., 112 Fed. 966, 50 C. C. A. 641. Counsel for the bank rely upon the case of Matter of Louis Lewensohn, 9 Am. Bankr. Rep. 368, 121 Fed. 538, 57 C. C. A. 600, decided by the Circuit Court of Appeals for the Second Circuit. Even if the bank had objected to the reconsideration of its claim by the referee upon the ground that the trustee alone, as the representative of the creditors, could invoke such action, still it would derive little aid from the Lewensohn Case, since it has deprived itself of the opportunity of being now heard by its own laches and long delay. But when the creditors and bankrupts applied to the referee to set aside the order allowing the bank's claim, the bank, in its opposition to the application, did not challenge the right of the creditors and bankrupts to make it, nor did it suggest that the trustee was a necessary party to the proceeding. Indeed, the question of the right of the creditors and bankrupts to move in the matter of disallowing the bank's claim was not raised by the bank until the filing of the amended petition for review, nearly three years after the order of disallowance was made. Such failure on the part of the bank to speak when it should have spoken may justly be held to be a waiver of its right to interpose the objection at this time. See In re Baerncopf (D. C.) 117 Fed. 975; In re Herzikopf (D. C.) 118 Fed. 101; Simonson v. Sinsheimer, 95 Fed. 948, 37 C. C. A. 337; In re Simonson (D. C.) 92 Fed. 904; Carriage Company v. Stengel, 95 Fed. 637, 37 C. C. A. 210.

The petition for review is dismissed.