In re MILGRAUM & OST.

(District Court, E. D. Pennsylvania. December 1, 1904.)

No. 1,804.

1. BANKRUPTCY—CLAIMS—OBJECTIONS—CERTIFICATE OF REFEREE—LACHES.

Petitioner presented a claim against a bankrupt on March 8, 1904, which was allowed on March 10th. On April 25th the trustee requested the referee to expunge the claim, which was denied on June 24th. Nothing further was done by the trustee until September 20th, when he presented a petition for review of the order of March 8th, in response to which the referee filed a certificate on September 22d, presenting his refusal to expunge for review instead of the original allowance. *Held* that, more than six months having elapsed before petitioner asked for a review, the certificate was barred by delay, whether it be treated as a petition to review the allowance of the claim, or the referee's refusal to expunge.

In Bankruptcy.
See 129 Fed. 827.

Keator & Johnson, for James Talcott, creditor.
Julius C. Levi, for petitioning creditors.

J. B. McPHERSON, District Judge. The application to dismiss rests upon the following facts: James Talcott, the petitioner, presented a claim against the bankrupts to the referee on March 8, 1904, which was duly allowed on March 10th. On April 25th the trustee requested the referee to expunge the claim, giving a reason that need not now be considered. Thereupon the referee heard testimony upon this request, and refused it on or about the 24th day of June. Nothing further was done by the trustee until September 20th, when he presented a petition asking for a review of the order of March 8th allowing the claim, in response to which the referee filed a certificate on September 22d, which seems to present his refusal to expunge as the question for review, instead of the original allowance in March. In this connection, I may be permitted to say again that a certificate should always state clearly and distinctly the precise question or questions for review. In the great majority of cases the report leaves nothing to be desired upon this point, but sometimes the question is not thus propounded, and has to be sought for at the cost of a good deal of time and trouble. In the present instance, however, the apparent difference between the trustee's petition and the referee's certificate is not of importance, because I am clearly of the opinion that, whatever the question may be that was intended to be certified to the court, the petition for review was too late. If the question is upon the allowance of the claim, then more than six months had elapsed before the petitioner asked for a review. If the question is upon the refusal to expunge, the period of delay was three months, and in either event I think the petitioner's inactivity was unreasonable. The time within which a review must be asked for is not specified either by the bankrupt act or by the general orders, but the text-writers and the cases agree that reasonable promptness must be used. Brandenburg (3d Ed.) § 696; Loveland (2d Ed.) p. 119; Collier (4th Ed.) p. 310; and

citations in notes to passages referred to. In the absence of a rule of the district court fixing the time within which the petition for review must be presented to the referee, each case must be judged upon its own facts, and in the case now under consideration the excuse offered for the delay does not seem to be sufficient.

The certificate of the referee must be dismissed.