## In re SCHERR.

(District Court, E. D. Pennsylvania. June 16, 1905.)

No. 1,895.

BANKRUPTCY—PETITION TO REVIEW ORDER OF DISTRIBUTION—TIME FOR FILING.

Under a rule of court requiring a petition to review an order of a referee for distribution of an estate in bankruptcy, and affirming the trustee's account, to be filed within 10 days, such a petition, seeking to review the order as to the commissions allowed the trustee will not be entertained after several months have elapsed, and distribution has been made in accordance therewith, and after the trustee's account was unanimously approved by the creditors at a meeting in which the petitioner was present by counsel.

[Ed. Note.—Appeal and review in bankruptcy, see note to In re Eggert, 43 C. C. A. 9.]

In Bankruptcy. On petition for review of account.

Putney, Twombly & Putney, for petitioner.
William S. Furst, for trustee.

HOLLAND, District Judge. This is a petition to review the referee's action in the allowance of commissions to the trustee in bankruptcy in this estate, and to authorize and direct the referee therein to receive and hear the same. The allegation in the petition is to the effect that the amount of the trustee's commissions was not known to the petitioner until long after October 7, 1904. There was no request presented to the referee for a review, in awarding the commissions in this case, before the expiration of 10 days after his final action, as required by an order of this court made December 10, 1904. The answer filed to the petition alleges that the trustee filed an account on September 26, 1904, and that a meeting of creditors to take action thereon was held at the office of the referee on October 7, 1904, and, after a full and open discussion of the same, the account was unanimously approved and duly confirmed, and an order for distribution of the assets in the trustee's hands was thereupon made, in accordance with the schedule of distribution, and that said order included the payment to the trustee of his commissions complained of in the petition, and, further, that counsel for the petitioners was present and approved the same, and that on the 20th day of February, 1905, after special notice had been given, a meeting was had by all creditors for the auditing of said account. The account was presented, examined, and unanimously approved, and at said meeting counsel for these petitioners was present, and the commissions received by the trustee were properly and lawfully allowed and paid out of the estate of said bankrupt, in full compliance with the act of Congress in such case made and provided.

The case was argued on petition and answer. The allegations set forth in the answer must be taken as true, as the pleadings now stand. So that in view of the fact that the petitioners had agreed to these commissions, and delayed far beyond the time allowed for

raising the question, we are of opinion that, under the rule of court above referred to, they are too late. This court has so decided in Re Heebner, 13 Am. Bankr. Rep. 256, 132 Fed. 1003.

The petition for review is therefore dismissed.