### In re GRANT.

(District Court, D. Rhode Island. February 21, 1906.)

#### No. 410.

BANKRUPTCY—PETITION TO REVIEW ORDER OF REFEREE—TIME FOR FILING.

While no time is fixed by Bankr. Act. July 1, 1898, c. 541, 30 Stat. 544 [U. S. Comp. St. 1901, p. 3418], nor by the general orders thereunder within which a petition to review an order of a referee must be filed, it must, at least, be within a reasonable time in the absence of a rule of court on the subject, and within such time as will not unjustifiably delay the administration of the estate; and where a referee repeatedly called the attention of counsel for the petitioner to the matter a petition filed more than three months after the order was made, and on the day fixed for the declaring of a dividend was not within a reasonable time, and, on objection by the trustee, the referee was justified in refusing to certify the facts and his findings to the court.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

In Bankruptcy. On petition to review order of referee.

Cooke & Angell, for Doe.
Robert W. Burbank, for trustee.

BROWN, District Judge. By the referee's certificate, it appears that, after a hearing, the referee entered on October 25, 1905, an order denying the prayer of the petition. Copies of the findings were sent to the attorneys for Doe and the trustee respectively, and the attorney for Doe was notified that a petition for a review, by the judge, of the referee's order, if desired, should be filed within 10 days from said October 25, 1905. No further steps were taken in the matter, and the administration of the estate has been held up pending the question whether an appeal should be taken. On February 2, 1906, no steps toward an appeal having been taken, and the trustee having made frequent requests to be allowed to distribute the fund among the general creditors, notices of a dividend to be declared on February 12, 1906, were sent to creditors, and on the same day Doe's attorney was notified of said proceedings, and the failure of Doe to file his appeal was again called to his attention. No further steps being taken toward an appeal, on February 10, 1906, said attorney was notified that unless an appeal were filed on February 12, 1906, the date set for the declaration of said dividend, the funds in question would be distributed among the general creditors of said Grant; and on February 12, 1906, the petition for a review of the referee's order was filed by said Edgar J. Doe. At the expiration of 10 days from October 25, 1905, the attorney for the trustee notified the referee that he should object to the filing of any petition for a review of the

above-mentioned order, on the ground that it had not been filed in time, and, upon notification of the filing of the present petition, has objected to the granting of the same, and to the certification of the facts and findings of the referee to the judge, alleging that the petitioner has not come within the terms of General Order No. 27, (89 Fed. xi, 32 C. C. A. xxvii): The referee thus discusses the question of law involved:

"The length of time which may be had for an appeal under General Order No. 27 seems to be uncertain. An opinion of Hon. Nathan W. Littlefield reported in the sixth of American Bankruptcy Reports, in 6 Am. Bankr. Rep. 709, in Re Chambers, Calder & Co., very forcibly sets forth the suggestion that a limit of ten days is proper for such appeals and supports the position by analogy to other provisions of the bankrupt law. Since said opinion the law in this jurisdiction has been administered on this basis, all appeals having hitherto been taken within ten days. This time limit is fixed by rule of the court in some jurisdictions (Erie Co., N. Y., Rule 16), and in others it is held that an appeal may be taken within a reasonable time, each case standing on its own foundation (Re Scott, 3 Am. Bankr. Rep. 625, 99 Fed. 404; Crim v. Woodford, 14 Am. Bankr. Rep. 302, 136 Fed. 34, 68 C. C. A. 584 (4th Circuit). Twenty days held reasonable, no objection being made.

"The test of a reasonable time undefined leaves the administration of each estate unsettled pending the caprice or whim of a dissatisfied creditor. Prompt settlement is an aim of the bankruptcy law. That law requires dividends to be paid as often as there is sufficient to pay 10 per cent. (section 65b of Act July 1, 1898, c. 541, 30 Stat. 563 [U. S. Comp. St. 1901, p. 3448]), and the test of a reasonable time undefined for taking appeal leaves the referee in a position of uncertainty as to what he should or can do under circumstances similar to those in the present case. If a dividend were to be paid and an appeal filed thereafter there is the possibility, though perhaps not the probability, of holding that the appeal was seasonable and reversal of the referee's finding would result in liability of the trustee or referee or both to the claimant whose funds have been distributed. In the case at bar while Doe has always stated he intended to appeal, no reasons are given in his petition for the delay from October 25, 1905, to February 12, 1906, the very day on which the dividend was to be declared and after all creditors had received notice of the same.

"The referee, therefore, declines to certify his facts and findings on the above-entitled claim without instructions from the judge, and hereby certifies the above facts to the judge for his opinion as to whether said petition for review has been filed in due season."

Upon the facts set forth, I am of the opinion that the petition for review of the referee's findings was not filed within a reasonable time, and that the referee properly declined to certify his facts and findings. While General Order No. 27 fixes no time within which a person desiring a review by a judge of an order made by a referee shall file his petition, and while no rule has hitherto been made by this court fixing the time, it is apparent that the right to file such a petition for review cannot be so exercised as unreasonably and unnecessarily to delay the distribution of the assets of the bankrupt. Upon the referee's certificate, it appears that he gave repeated notice to the attorney for Doe, but that no petition for review was filed until February 12, 1906, the very·day on which a dividend was to be declared. Had the petition for a review been taken seasonably, it could have been disposed of long before February 12, 1906. It thus appears that the delay in filing the petition for a review would prove an unjustifiable interference with the administration of the estate, were it now allowed.·

A somewhat analogous question arose in the case of Chow Loy v. United States, 112 Fed. 354, 360, 50 C. C. A. 279, 285, where it was said:

"It is very certain that the officers of the government cannot be delayed indefinitely by the claim of appeal; that at some time it must fail for lack of prosecution; and that it is within the power of the district judge, in his sound discretion, to determine when that time has arrived. There is nothing in this record to show that the action of the district judge in dismissing the appeal was improper."

While that case is no longer an authority upon the main question there involved (see Chin Bak Kan v. United States, 186 U. S. 193, 22 Sup. Ct. 891, 46 L. Ed. 1121), it seems to be an authority for holding that the right of review or appeal, for which the statute fixes no time limit, is, nevertheless, not unlimited; but that it casts upon the person seeking a review the duty of proceeding with some degree of diligence, and that a failure to so proceed must be construed as an abandonment of the appeal.

I am of the opinion that the referee properly declined to certify his facts and findings, dismissing Doe's petition filed February 12, 1906, for a review by the judge of the referee's order of October 25, 1905; and said action of the referee is hereby affirmed.