BACON v. ROBERTS et al.

(Circuit Court of Appeals, Third Circuit. September 10, 1906.)

No. 13.

BANKRUPTCY—PETITION TO REVIEW ORDER OF REFEREE—TIME FOR FILING.

No limit of time having been fixed by the bankruptcy law or the general orders for filing a petition to review an order of a referee, whether a petition was filed within a reasonable time in a given case is to be determined by the District Court in its discretion, in the absence of any rule of court on the subject, and its action will not be reviewed by the appellate court except for an abuse of discretion or manifest error. An order dismissing a petition filed 50 days after the making of the order sought to be reviewed for unreasonable delay *held* not an abuse of discretion where no good reason for delay was shown.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

Appeal from the District Court of the United States for the District of New Jersey.

Thomas E. French, for appellant.

Theodore W. Reath, for appellees.

Before DALLAS and GRAY, Circuit Judges, and LANNING, District Judge.

PER CURIAM. The present case was originally brought before this court on appeal by the trustees of the bankrupt, but it was afterwards stipulated by counsel that we should be at liberty to consider the matter as if it were before us upon a petition for review. In either aspect it presents a single question, which may perhaps be best understood by quoting the opinion of the court below, which states clearly the ground upon which the decision of Judge Cross was put. His opinion is as follows:

"The referee in the above cause, on the 2d day of September, 1905, filed an order sustaining and allowing the claim of Thomas Roberts & Co., creditors, against the said bankrupt's estate; on the 23d day of October, 1905, aforesaid, 50 days after such decision and order, a petition for review of said order was filed with the referee. Motion is now made upon notice to dismiss said petition upon facts appearing upon the files and record of the case. There is no time specified in the bankruptcy act within which such petition shall be filed. The authorities, however, all hold that it should be filed within a reasonable time, and that what constitutes reasonable time should be determined by the facts in each case. The act undoubtedly contemplates that in the absence of

any excuse warranting delay, the petition should be filed with a considerable degree of promptness; its manifest policy requires reasonably expeditious administration of the bankrupt's estate. In the matter of appeals from the District Court to the Circuit Court of Appeals, the act provides that such appeal shall be taken within 10 days after the judgment appealed from was rendered (section 25, Act July 1, 1898, c. 541, 30 Stat. 553 [U. S. Comp. St. 1901, p. 3432]) and appeals from the Circuit Court of Appeals to the Supreme Court of the United States must be taken within 30 days. Gen. Orders in Bankruptcy, No. 36, par. 2 (89 Fed. xiv; 32 C. C. A. xxxvi). Reasoning by analogy, therefore, it would seem as though 30 days were the outside limit in which to take an appeal from a referee's decision. The labor involved therein is not great, nor is the proceeding either complex or intricate. In the absence of any rule or authority to the contrary, I am unwilling in any ordinary case, where there is no adequate excuse for delay, to say that 30 days is not ample time in which to perfect such an appeal; any longer period than that seems altogether unreasonable and unnecessary, and ought not to be sanctioned.

"In Re New York Economical Printing Co., 106 Fed. 839, 45 C. C. A. 665, a motion to dismiss a petition for review made on the ground that the same had not been taken within ten days was denied, the court said: 'Neither the statute nor the rules limit the time within which a petition for review in bankruptcy should be filed. We do not think there has been any unreasonable delay in this case (the time does not appear), and therefore deny the motion to dismiss. A new rule of this court will control future applications for review.'

"In Re Milgraum & Ost (D. C.) 133 Fed. 802, a petition was filed for review; there was a doubt as to whether the question for review was upon the allowance of the claim by the referee, in which case more than six months had elapsed before the petition for review was filed, or was upon a refusal to expunge the creditor's claim, in which case the period of delay was three months; in either case the court held the delay unreasonable.

"In First National Bank of Troy v. Cooper, 20 Wall. 171, 22 L. Ed. 273, where a bill of review was dismissed because filed too late, Mr. Justice Strong, in delivering the opinion of the court, said:

"'It is true their bill was not filed in the Circuit Court until about four months and a half after the order complained of was made. But the act of Congress prescribes no time within which the application for a review must be presented. An appeal is required to be taken within 10 days. Not so with a petition or bill for a review. Undoubtedly, the application should be made within a reasonable time, in order that the proceedings to settle the bankrupt's estate may not be delayed, but neither the act of Congress nor any rule of this court determines what that time is. At present, therefore, it must be left to depend upon the circumstances of each case. Perhaps, generally, it should be fixed in analogy to the period designated within which appeals must be taken.'

"I am also referred by counsel of the creditors to the case In re Sharick, 1 Alaska, 398, which I have not been able to examine; the opinion, however, is quoted at some length in the brief of counsel. The purport of the decision is that 10 days is a reasonably sufficient time in which to file a petition to review a question determined by a referee, and a petition filed six months after such determination was dismissed. Upon reading the case of In re Scherr (D. C.) 138 Fed. 695, it will appear that there is a rule in the Eastern District of Pennsylvania, fixing a time limit of 10 days for such appeal. The Circuit Court of Appeals, Fourth Circuit, in Crim et al. v. Woodward, 136 Fed. 34, 68 C. C. A. 584, said there is no provision of the bankruptcy act, or of the general orders in bankruptcy, fixing the time within which a petition for review of an order of a referee must be filed; and, in the absence of a rule of court on the subject, the time within which such petition may be entertained is discretionary, subject only to the limitation that it must be filed within a reasonable time, in view of the general purpose of the act to expedite the proceedings. In that case the order of the referee adjudging that certain liens claimed by the appellants should be set aside was entered June 5, 1902. One creditor's petition for review was filed June 9, 1902,

another's June 24, 1902, and that of another July 1, 1902. Motion was made to dismiss the two later petitions, because they were not filed within 10 days. Upon this state of facts, after saying that it does not appear from the record that any objection was made in the court below to the hearing of the petitions, on the ground that they were not filed in time, the court says, 'Section 25 requires that, in the cases therein enumerated, appeals to the Circuit Courts of Appeal shall be taken within ten days after the judgment appealed from has been rendered. There is no apparent reason why a longer time than this should be allowed for the filing of a petition for a review of the order of a referee, for in nearly all of the provisions of the bankruptcy act, which require notices, the time limit of 10 days is adopted, and in some jurisdictions there is a rule to that effect; but it does not appear that there is any such rule in the district from which this appeal comes. There being no time limit fixed by the statute or by rule, it seems to be left to the discretion of the judge, and the practice, so far as adjudicated cases which we have examined enlighten us on this point, is that the petition may be filed within a reasonable time.' Subsequently the court adds: 'As these petitions were filed within 20 and 25 days from the date of the filing of the order of the referee, and the record does not show that any objection was made in the court below for the reason that they were not filed within a reasonable time, in the absence of a statutory provision or rule fixing a time limit, this objection is not sustained.'

"An attempt has been made in this case to excuse the delay, but I deem the excuse inadequate and insufficient. The record shows that the trustee has as his counsel a firm composed of two members, and also another counsel practicing independently; the excuse is that one or another of these counsel was at different times, but not continuously, engaged in other matters, and that the trustee was seeking to engage a fourth counsel (the one who argued the case for him, and against whom no charge of delay exists), which he was unable to do until shortly before the petition was prepared and filed. There is absolutely nothing in this allegation by way of valid excuse. Another excuse was that the trustee notified the counsel of the creditors orally that he intended to take an appeal, and also wrote a letter or letters to the referee to that effect; this, too, is clearly unavailing; these notices were not required; and consequently were unnecessary and ineffective; they constituted no part of the appeal. Again, it was suggested on the argument that the creditors delayed filing their claim until within a day or two of the expiration of the time limit therefor; but this afforded no ground of excuse for the petitioner's delay; moreover, it cannot be claimed that the creditors were in laches, so long as they filed their claim within the time fixed by law.

"An order dismissing the petition for review for laches will be entered."

It is apparent, we think, that we are not called upon to lay down a rule of our own motion, by which to test in all cases the reasonableness of a petitioner's delay in seeking to review the decision of a referee. We agree with the cases cited by counsel—there is no dispute upon this subject—that no limit of time for taking an appeal has been fixed either by the statute or by the general orders; and therefore that, if the particular district court whose action is in question has made no rule upon the subject, the application for review is addressed in the first instance to the sound discretion of that court. It is a familiar principle, that the exercise of such discretion will not be interfered with by an appellate tribunal, except for manifest error, or, as the phrase sometimes goes, for abuse of the court's discretionary power; and it is only necessary to say that we do not find in this record either abuse of discretion, or manifest error, in dismissing the trustee's petition for review. The court below has made no rule fixing the time for taking an appeal from the decision of a referee, and the reasonable-

ness of the delay in a given case is therefore a matter with which that court is, in the ordinary controversy, peculiarly fitted to deal..

The order of the district court is therefore affirmed, with costs to the appellees, both on appeal and in the court below.