## In re NIPPON TRADING CO.

(District Court, W. D. Washington, N. D. November 29, 1910.)

### No. 4,294.

BANKRUPTCY (§ 444*)—PETITION TO REVIEW ORDER OF REFEREE—TIME OF FILING—DISCRETION OF COURT.

> Where a party desiring a review by the judge of an order made by a referee in bankruptcy inadvertently files his petition with the clerk instead of with the referee as required by General Orders 27 (89 Fed. xi, 32 C. C. A. xxvii), it is within the discretion of the court, in the absence of any rule on the subject, to permit the mistake to be corrected, even though the 10 days within which it is its practice to require such petitions to be filed has elapsed.

[Ed. Note.—For other cases, see Bankruptcy, Dec. Dig. § 444.*]

In the matter of the Nippon Trading Company, bankrupt. On creditor's application for leave to correct an inadvertent mistake in filing a petition to review order of referee. Application granted.

F. A. Gilman and Arthur E. Griffin, for petitioner.
Leopold M. Stern, for trustee.

HANFORD, District Judge. This court has heretofore granted a motion to dismiss a petition for review of an order made by the referee, which had been filed in the clerk's office and served upon counsel for the trustee of the bankrupt's estate. The petitioner is a banking company and is a creditor asserting the validity of a chattel mortgage held as security for its claim. The referee allowed the claim as a liability of the bankrupt, but rejected the mortgage, and the purpose of the creditor in asking for a review is to establish its rights as a holder of a valid security. The grounds for dismissing the petition are that in such matters the practice is prescribed by article 27 of the General Orders in Bankruptcy (89 Fed. xi, 32 C. C. A. xxvii), promulgated by the Supreme Court, as follows:

> "When a bankrupt, creditor, trustee, or other person shall desire a review by the judge of any order made by the referee, he shall file with the referee his petition therefor, setting out the error complained of; and the referee shall

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon."

In consequence of the mistake in filing the petition with the clerk instead of the referee, the case has not been certified by the referee and the record does not contain the information which the court is required to act upon.

Conceding the correctness of the court's ruling and that the time within which a petition should have been filed with the referee has elapsed, the creditor has applied for special leave to file its petition anew and for the necessary extension of time for that purpose. This application is opposed by the trustee on the assumed ground that the right to have a review has been lost by reason of the failure to file the petition, properly, within 10 days from the date of the order which the petitioner desires to attack, but there is no pretense that any rights have been prejudiced by the delay.

In view of the manifest purpose of the bankruptcy law to require diligence in the assertion of rights in order to expedite the administration of bankrupt estates, this court has in several instances held that, the omission from the law of an express limitation of time for initiating proceedings for reviewing orders made by referees does not entitle litigants to unlimited time; that, ordinarily, no more time is necessary for the filing of a petition for review of an order made by a referee than the limited period within which an appeal may be taken from a court of bankruptcy to the Circuit Court of Appeals, prescribed by the twenty-fifth section of the bankruptcy law, which is 10 days, and, therefore, 10 days is the limit of time within which such petitions may be filed without special leave granted by the court. It is also to be considered that in several instances the court has, in the exercise of discretion, relieved parties from forfeiture of rights by enlarging the time for filing petitions for the correction of orders made by referees alleged to be erroneous.

The law applicable to the case in hand is well and fully set forth in the decision of the Circuit Court of Appeals for the Third Circuit in the case of Bacon v. Roberts, 146 Fed. 729, 77 C. C. A. 155, as follows:

"We agree with the cases cited by counsel—there is no dispute upon this subject—that no limit of time for taking an appeal has been fixed either by the statute or by the general orders; and therefore that, if the particular district court whose action is in question has made no rule upon the subject, the application for review is addressed in the first instance to the sound discretion of that court."

There being no reason to suspect that the petitioner is not acting in good faith, justice does not require that it should be penalized for the inadvertent error in filing its petition with the clerk of the court instead of filing it with the referee, in compliance with article 27 of the general orders.

The petition will be granted.