In re VERDON CIGAR CO.

(District Court, W. D. Michigan. November, 1911.)

1. BANKRUPTCY (§ 228*)—REFEREE'S RULINGS—PETITION FOR REVIEW—TIME.

Since neither Bankr. Act July 1, 1898, c. 541, 30 Stat. 544 (U. S. Comp. St. 1901, p. 3418), nor the general orders prescribe any time within which a party aggrieved by a referee's ruling must file his petition for review, in the absence of a rule of court fixing such time, the petition must be filed within a reasonable time.

[Ed. Note.— For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. § 228.*]

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

2. BANKRUPTCY (§ 228*)—REFEREE'S RULINGS—PETITION TO REVIEW—FILING—DELAY—LACHES.

A delay of nearly five months in filing a petition to review a referee's ruling in bankruptcy constituted laches for which the petition would be dismissed, where the only excuse was the pendency of an appeal taken by another party from an order disallowing a part of another claim, which prevented the closing and final settlement of the estate.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 387; Dec. Dig. § 228.*

Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

In the matter of bankruptcy proceedings of the Verdon Cigar Company. On petition for an order requiring referee to certify for review an order disallowing a claim for services rendered and expenses incurred by claimant as attorney for petitioning creditors in involuntary proceedings. Denied.

Charles V. Hilding, for petitioner.

Henry C. Briggs, in pro. per.

SESSIONS, District Judge. On January 6, 1911, Merwin M. Hart, an attorney and the petitioner herein, filed with the referee in bankruptcy a claim for services rendered and expenses incurred as attorney for the petitioning creditors in this matter. Testimony was taken and a hearing had before the referee on March 13, 1911. Thereafter, and on April 7, 1911, the referee made and entered an order disallowing the entire claim, and on the same day mailed a copy thereof to petitioner. No further proceedings were had until September 28, 1911, when petitioner filed with the referee his petition for a review of such order of disallowance. The referee refused to make the certificate required by General Order No. 27 (89 Fed. xi, 32 C. C. A. xxvii), and on September 30, 1911, made an order denying the prayer of petitioner for a review and dismissing the petition, basing his refusal and such order upon the ground that the petitioner, by his laches, had forfeited his right to have the earlier order reviewed. Thereupon the present petition was filed, praying for an order requiring the referee to allow the petition for review and to make the necessary report and return thereon.

[1] The question here presented is not a new one. Neither the statute nor general orders in bankruptcy provide the time within which a party aggrieved by the referee's rulings must file his petition for review. In this district there is no rule fixing such time, and, in the absence of a rule of court on the subject, it has been uniformly held that the petition for review must be filed within a reasonable time.

[2] To determine what constitutes a reasonable time usually involves some difficulty; but in view of the general aim and purpose of the bankruptcy law to facilitate and expedite the proceedings in the settlement of the estates of bankrupts, and in view of analogous provisions requiring prompt and speedy action, it may be stated with certainty that the circumstances and conditions must be extreme which will excuse a delay of more than 30 days in asking for a

review of an order of the referee. Here the only excuse alleged or offered for a delay of nearly five months is the pendency of an appeal taken by another party from an order disallowing part of another claim which prevents the closing and final settlement of the estate. If such an excuse were held to be sufficient, it would inevitably follow that, in most cases, proceedings could be delayed indefinitely by the filing at long intervals of successive petitions for review, and thus one of the main purposes of the bankruptcy act would be defeated.

Therefore, because of his prolonged and unreasonable inactivity and lack of diligence, petitioner is not entitled to the relief for which he prays, and his petition must be dismissed. This conclusion is supported by numerous authorities. In re Milgraum & Ost (D. C., Pa.) 13 Am. Bankr. Rep. 337, 133 Fed. 802; In re Grant (D. C., R. I.) 16 Am. Bankr. Rep. 256, 143 Fed. 661; In re Foss (D. C., Me.) 17 Am. Bankr. Rep. 439, 147 Fed. 790; In re Nichols (D. C., N. Y.) 22 Am. Bankr. Rep. 216, 166 Fed. 603; In re Rome (D. C., N. J.) 19 Am. Bankr. Rep. 820, 162 Fed. 971; Crim v. Woodford (C. C. A., 4th Cir.) 14 Am. Bankr. Rep. 302, 136 Fed. 34, 68 C. C. A. 584; Bacon v. Roberts (C. C. A., 3d Cir.) 17 Am. Bankr. Rep. 421, 146 Fed. 729, 77 C. C. A. 155; In re Koenig & Van Hoogenhuyze (D. C., Tex.) 11 Am. Bankr. Rep. 617, 127 Fed. 891; In re Davison (D. C., N. Y.) 24 Am. Bankr. Rep. 460, 179 Fed. 750–755; 2 Remington on Bankruptcy, pp. 1663, 1664; 3 Remington on Bankruptcy, pp. 792, 793; Collier on Bankruptcy, pp. 502, 503; Loveland on Bankruptcy, p. 142.