## In re J. W. RENSHAW'S SONS.

### MAYO et al. v. MURRAY et al.

(District Court, E. D. Illinois. Jan. 12, 1925.)

No. 2962.

**1. Bankruptcy ⬥224, 228—Referee is without authority to review his own orders, and filing of exceptions does not extend time to petition for review.**

A referee is without authority to review or change his orders in bankruptcy on exceptions filed thereto, and filing thereof does not extend time for filing petition to review, under General Order XXVII, and any extension of time is in discretion of District Judge, under rule 15.

**2. Bankruptcy ⬥228—Requisites of petition for leave to file petition to review referee's order after expiration of 10-day limitation stated.**

Petition under rule 15 for leave to file petition to review referee's order, after 10-day limitation provided by General Order XXVII, should set forth such error of referee as would warrant District Court in reversing, changing, or modifying order, and such excuse for delay as would warrant intervention of equity.

In Bankruptcy. In the matter of J. W. Renshaw's Sons, bankrupt. On motion by Josephine A. Boul to dismiss petition of one Mayo and others to review decision of referee in bankruptcy in favor of one Murray, trustee and others, as not timely filed. Motion granted.

M. V. Joyce, of East St. Louis, Ill., for Bouel.

P. C. Otwell, of Belleville, Ill., for trustee.

R. H. Wiechert, of East St. Louis, Ill., for Mayo.

ENGLISH, District Judge. On the 31st day of July, 1924, the referee in bankruptcy rendered and filed his memorandum and opinion, with order, as the law requires, to which exceptions were made and filed on August 8, 1924, and petition for review of the matters alleged or set forth in such exceptions was filed with the referee by Wal-

ter J. Ruediger November 26, 1924. Said petition for review and the exceptions, with the memorandum of the findings and order of the referee, were filed in the office of the clerk of this court December 27, 1924, and a motion by Josephine Boul to dismiss petition for review was filed December 29, 1924.

This cause has not been called to the attention of the court at this time for consideration upon the merits of the questions raised in the petition for review, but only the motion to dismiss the petition. The order sought to be reviewed by the petition was filed July 31, 1924, and the petition for review of said order was not filed until November 26, 1924. General Order No. XXVII provides that a petition for review must be filed with the referee, and rule 15 of this court provides that the petition for review must be filed with the referee within 10 days, or upon an extension of time not more than 30 days after the order sought to be reviewed has been entered by the referee.

It is contended by the petitioner that the filing of the petition for review within 10 days after the final order by the referee would apply to a date on which, in this case, the referee had orally stated to the parties that he would not change his opinion by virtue of the exceptions filed to his order of July 31st, and that the filing of this petition within 10 days following that oral announcement would be a compliance with the rule requiring the petition for review to be filed within 10 days from the order sought to be reviewed. In other words, it is contended by the petitioner that the exceptions made to the referee's order filed on July 31st must be passed upon, and were not passed upon, by the referee until a date within 10 days prior to the filing of the petition for review, and that such oral announcement by the referee was a final order, and that therefore the petition for review was within the rule.

[1] The referee is without any authority or power to review or change his own order upon exceptions filed thereto. In re Marks (D. C.) 171 F. 281. Decision of referee may only be reviewed by petition presented within ten days, the period specified by the rule, or afterwards only by allowance of the judge of the District Court, and an order once entered is not subject to review or alteration by the referee himself. In re T. M. Lesher & Son (D. C.) 176 F. 650. Leave to file petition after expiration of the customary 10 days allowed for filing is left to the discretion of the District Court. In re Nippon Trading Co. (D. C.) 182 F. 959. The purpose or intent of the law is that, in order to protect the best interests of the creditors of a bankrupt, the estate of the bankrupt shall be administered as speedily as it is reasonably possible, and the right to file a petition cannot be exercised to unreasonably and unnecessarily delay the distribution of the assets of the bankrupt. In re Grant (D. C.) 143 F. 661.

In view of the fact that the referee is without authority to review or change, himself, one of his own orders, after it has once been made, leads me to the opinion conclusively that exceptions being filed to the referee's order does not prevent the 10-day limitation from running, and that a petition for review of such order, including exceptions thereto, set forth in such petition, must, in order to comply with the rule, be filed in 10 days after such order has been made; therefore the final order in this case sought to be reviewed was made, and the 10 days began to run on July 31, 1924, and in order that the review of such order may be had by the court at this time, it would be necessary that leave to file petition would first have to be granted by the court, before this court could take jurisdiction and legally review the subject-matter set forth in the petition for review of the order of July 31, 1924.

[2] For the benefit of counsel, it is my present judgment and opinion that a petition for leave to file the petition for review must be filed, but must set forth such error on the part of the referee as would warrant the court in reversing or otherwise changing or modifying the order of the referee, and, further, that the cause for not having filed the petition for review within 10 days was such as would warrant the intervention of equity, and would be of no material injury to parties other than the petitioner.

My judgment is, at this time, that the motion to dismiss the petition for review should be allowed.