### In re RACEY.

(District Court, S. D. Florida.   November 2, 1923.)

1. **Bankruptcy ⊙➾227—Referee should certify question for review.**

    Under General Orders in Bankruptcy XXVII (89 Fed. xi, 32 C. C. A. xxvii) the referee should certify the question for review by the District Court.

2. **Bankruptcy ⊙➾228—Effect of findings of fact by referee on conflicting evidence.**

    Findings of fact by a referee on conflicting evidence have the effect of a court of first instance on review by the judge.

In Bankruptcy.   In the matter of Ralph E. Racey, bankrupt.   On review of order of referee disallowing claim of C. H. Racey.   Affirmed.

A. Aronovitz, of Miami, Fla., for trustee.
Bart A. Riley, of Miami, Fla., for claimant.
M. Rosenhouse, of Miami, Fla., for bankrupt.

CALL, District Judge.   Certain papers in the above-entitled cause were handed to the court by A. Aronovitz, attorney for the trustee, consisting of the schedules, bearing the file mark of the referee, July 10, 1923; certain evidence purporting to have been taken before the referee on September 29 and October 2, 1923, to which is attached an order by the referee, dated October 3, 1923, denying the claim of C. H. Racey for $8,200; an affidavit of C. H. Racey, dated October 2, 1923, as to the loss of a note under seal; the adjudication of Ralph E. Racey as a bankrupt, dated May 31, 1923; exceptions to the order of the referee, bearing the file mark of the referee, October 12, 1923, at the bottom of which is a prayer that the testimony upon which the referee's decision is based and the records therein be sent up for review

---

⊙➾For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

by the judge of this court. No certificate of review is among the papers.

[1] General Order in Bankruptcy XXVII (89 Fed. xi, 32 C. C. A. xxvii) says, when a person shall desire a review of any order made by a reference he shall file with the referee his petition therefor setting out the error complained of, and the referee shall forthwith certify to the judge the question presented, a summary of the evidence relating thereto, and the finding and order of the referee thereon. Section 2, paragraph 10 (Comp. St. § 9586), is as follows:

"Consider and confirm, modify or overrule or return with instructions for further proceedings records and findings certified to them by referees."

Section 39 of the Bankruptcy Act (Comp. St. § 9623) defining the duties of referees:

"Referees shall * * * (5) make up records embodying the evidence, * * * whenever requested to do so by either of the parties thereto, together with their findings and transmit them to the judges."

As noted above, no certificate of the referee is among the papers. Collier, in his third volume, pages 2334 and 2335 (13th Ed.) gives the forms for exception and petition for review.

I am somewhat at a loss to understand why the usual practice was not followed in this case, and also doubtful of my authority to review the order of the referee of October 3d. There are a number of cases cited by Collier, at page 962, to the effect that a review of the referee's order can only be had by petition. Rule 112 of this court require petitions to review the order of the referee to be filed within 10 days. This time has long since expired and the refusal of this court to consider the correctness of the order would result in confirming the order of the referee. I am therefore, in the absence of any objection by the trustee, disposed to resolve the doubt in favor of considering the questions sought to be made by the exceptions for review, to consider the merits sought to be raised herein.

The matter was argued and submitted by the attorney representing the trustee, while the claimant's attorney duly filed his brief. Therefore, in the absence of objection by the trustee, I have gone into a consideration of the testimony produced by the trustee taken before the referee.

[2] The question is one of fact, there being no question of law in controversy. If the claim was not reduced to a promissory note, then it was barred by the statute of limitations, unless the referee found on the testimony that interest on the amount claimed had been paid as claimed. The evidence taken before the referee is conflicting and the referee found against the contention of the claimant. Under such circumstances, the decision of the referee has the effect of a decision of a court of first instance on the questions of fact so decided.

The schedule filed by the bankrupt contains this item: "C. H. Racey, Miami, Fla., moneys advanced $8,200.00." The bankrupt, Ralph E. Racey, a son of claimant, on his examination on this claim in the morning, when interrogated by the attorney for the trustee, testified that he opened up business in Miami in 1916; that part of this

money was given him when he opened up, and part was used to pay off a mortgage on lands owned by the bankrupt in Palm Beach county. He could not state the exact amounts of each, but afterwards saying that the amount given him was about $5,500. The question was then asked him, "Did you give him any notes for it?" The answer was, "I did for the first amount, but I believe he lost them." At the same hearing C. H. Racey, the claimant, testified, and after testifying that money was loaned or given his son about a year before he went into business in Miami about 1915, and when he went into business in Miami he gave him $7,000 in 1916. Then the question was asked him, "Did you get a mortgage or note for the money?" The answer was, "No; I just loaned it to him, because he was my son." Then it was that a motion was made to disallow the claim as being barred by the statute of limitations.

Up to this time, according to the record, the claimant does not seem to have been represented by counsel. When the referee resumed the hearing at 2 o'clock p. m., pursuant to adjournment, claimant was then represented by counsel. Upon further examination, Racey testified that he had a note under seal, which was burned when his house was destroyed by fire some three years before; that said note was for $7,000, and that interest had been paid to April 1, 1921. Another witness testified to the existence of the note and the payment of interest (Schuyler). On October 2, 1923, a claim by affidavit was filed, purporting to show the note and loss of same. On same date the bankrupt again took the stand, and then testified to giving the note for $7,000, under seal, also the payment of interest to April, 1921.

The referee had the witnesses before him, as well as any books or records the bankrupt may have produced, which are not before me, heard the witnesses, saw their demeanor on the witness stand, and is certainly better able to decide the conflict in the testimony given at the first hearing, and that given at the second and third hearings, than I am. If their first testimony was true, then the claim was barred by the statute of limitations, and the action of the referee in disallowing it is correct.

It is somewhat remarkable that neither the bankrupt nor the claimant at the first hearing before the referee, before the defense of the statute was brought up, should have been so hazy about the details of the loan, the claimant being then positive that no note had been given, but in the afternoon of the same day, after the motion to disallow, his memory of the amount, date, etc., should have been so much refreshed that a seal was added to the instrument, extending the statute for 20 years. I have examined the testimony carefully to see if such refreshing is explained, but find no such explanation offered, and yet it seems to me that a witness who directly changes his testimony within a few hours would feel it incumbent upon himself to offer some explanation for the change; leaving out of consideration the relationship of the parties, the position of the witness Schuyler, who, not employed at the time the money was advanced, however, is so clear and positive of the fact the note was given, the fact of seals and payments of interest, although these advances were made in 1916 or prior thereto, it seems to me the

evidence is ample to sustain the finding of the referee when given the weight properly attached to such findings of fact. Something is said about the weight to be attached to sworn proofs of claim. But this is not applicable to the instant case, because the referee must have relied for his finding on the testimony of the bankrupt and the claimant first given, to show said claim should not be allowed.

The order of the referee will therefore be confirmed.