## In re SEDBERRY.

### Civ. A. No. 6410.

District Court, W. D. Louisiana, Shreveport Division.

Sept. 30, 1943.

Samuel P. Love, of Shreveport, La., for bankrupt.

Albert P. Garland, of Shreveport, La., for Mrs. Martin, a creditor.

DAWKINS, District Judge.

The adjudication in bankruptcy in this case was made June 10, 1941, and at a hearing upon the bankrupt's application for a discharge on September 2d, following, two creditors, Mrs. Beatrice Martin and B. D. Sellbach, filed specifications of objections. The grounds were that the bankrupt (1) had omitted from his schedules certain real and personal property, to-wit: (a) a one-

half interest in 40 acres of land as well as a one-fourth interest in a mineral lease in "another 80 acres" and (b) certain household furniture; and (2) that he had testified falsely with respect to this property at the first meeting of creditors held July 7, 1941. In a subsequent amendment to the opposition, filed December 15, 1941, it was charged (a) that the bankrupt had failed to list a Chevrolet automobile, and (b) that he had also omitted salary due him for the period, June 1 to 19, 1941, amounting to $92.66.

In the meantime counsel for the bankrupt filed what was in effect a motion to expunge or disallow the claim of Mrs. Martin, for the reason, it was alleged, "the debt was owed by the Gulf Oil Corporation and not by the bankrupt". A motion to dismiss the opposition was also filed, based upon the proposition of (a) vagueness of the specifications of objection, (b) that some of the acts relied upon were alleged to have been committed more than twelve months prior to the bankruptcy; (c) that the title to the real estate owned by a third person could not be collaterally attacked, and (d) "it was not alleged that a false oath was made". A motion to dismiss the opposition by Sellbach for some of the same reasons was also filed and the latter was withdrawn.

The Referee heard all these matters at length, and the oral testimony appears in the record. After fully reviewing the evidence, both oral and documentary, it was decided that Mrs. Martin's claim was not a debt of the bankrupt, but that of a corporation of which he had been president. Notwithstanding this conclusion, the Referee proceeded to consider the merits of the opposition and found for the bankrupt. The opinion covering these matters was filed on April 3, 1942, and on the same day a judgment of discharge was signed.

On April 11, 1942, Mrs. Martin filed with the clerk of this court a petition for review, concluding with the prayer that "the errors complained of and the questions of law and fact raised * * * be certified by said Referee to this Honorable Court", and finally for reversal of the rulings complained of. There the matter stood and on May 13, 1943, the report of the trustee that no assets had been administered was submitted and the Referee closed the case, returning the record to the clerk's office.

No further action was taken until on July 15, 1943, attorneys for the bankrupt moved in this court to dismiss the applica-

tion filed here on April 11, 1942, for the reasons (1) that the said petition should have been filed with the Referee; (2) that it was not filed timely or hearing thereof speedily sought, and (3) finally, that the record had not been certified to this court. Thereafter, on July 23d, counsel for the opponent filed a pleading, stating that the application for a review "was inadvertently filed with the Clerk of this Court by her attorneys, and without any fault on her part and this Honorable Court should permit the mistake so made to be corrected", and "she moves this Honorable Court to render its order herein permitting the objection herein filed by her for review of questions of law and fact raised before the Referee, and that said Referee be ordered forthwith to certify to this court the questions of fact and law presented, and a summary of the evidence relating thereto, and the findings and orders of said Referee, and that she have general relief".

The motion to dismiss, together with the application to direct the Referee to file a certificate of the record, were finally put on the motion calendar by the clerk, and submitted July 23, 1943, upon briefs to be filed within ten days. At that time, counsel for the opponent filed a memorandum, consisting of short excerpts from two cases. In re Nippon Trading Co., D.C., 182 F. 959, and In re Racey, D.C., 293 F. 928.

On August 12, the clerk of this court addressed a joint letter to counsel for both sides calling attention to the fact that the briefs had not been filed and stating that the record would be forwarded to the judge "within a few days * * *". On August 14, counsel for the bankrupt filed a short memorandum, but nothing else has been submitted by the opponent.

In order to consider this matter, the case would have to be reopened for the reason, as stated above, the case had been closed on May 12, 1943, and the judgment of discharge had been signed on April 3, 1942. For more than a year, or from April 11, 1942, until July 15, 1943, when counsel for the bankrupt moved to dismiss the petition filed in this court, attorneys for the opponent had allowed the same to lie dormant, thereby permitting the discharge which had been signed some 15 months before, to become final except for the possibility of this court entertaining the application.

The Act of June 22, 1938 (Sec. 67, Title 11 U.S.C.A.) amended the bankruptcy law and General Order in Bankruptcy No. 27

was abrogated as of February 13, 1939. As it now stands Section 67, sub. c reads as follows: "A person aggrieved by an order of a referee may, within ten days after the entry thereof, or within such extended time as the court may for cause shown allow, file with the referee a petition for review of such order by a judge and serve a copy of such petition upon the adverse parties who were represented at the hearing. Such petition shall set forth the order complained of and the alleged errors in respect thereto. Upon application of any party in interest, the execution or enforcement of the order complained of may be suspended by the court upon such terms as will protect the rights of all parties in interest."

The petition should have been filed with the Referee within the prescribed delay and the matter pursued so as to afford a prompt disposition of the issues involved. The failure to do so brought about the condition above described. Counsel for the opponent are practitioners of long standing; the matters involved were given full and adequate consideration by the Referee and it is felt that the circumstances are such that this court is not justified in exercising its discretion to reopen and allow the petition for review at this late date. It will accordingly be dismissed.

Proper decree should be presented.